TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: AMENDED PLEADINGS - I
DATE: 04/14/2025 07:54:45 AM

CASE No. 2:24-cv-03778-MGL-MGB

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Farid Fata,

Plaintiff,

v.                                    CASE No. 2:24-cv-03778-MGL-MGB

United States of America,
FCI Williamsburg, Unicor.

Defendant.
_____/

MOTION TO AMEND PLEADINGS UNDER SCHEDULING COURT ORDER ECF No. 49

JURISDICTION AND VENUE

Plaintiff, Farid Fata ("Fata"), pro se, respectfully submits his work-related injury claims cognizable

under the Inmate Accident Compensation Act (IACA), to review the correctness of his compensation under

the Administrative Procedure Act (APA), as the APA confers jurisdiction in Federal Courts.

I - PARTIES AND VENUE:

1 - Plaintiff Fata, is a federal prisoner housed at FCI Williamsburg, South Carolina, provides his Memorandum *Amended*

Brief with factual allegations. Fata was at all times relevant to this action.

2 - Defendant Federal Prisons of Industries, Inc. (FPI, Inc. Unicor) represented by Unicor Operations manager

Mr. Benjamin Hall (Ben. Hall), Unicor Factory Manager at FCI Williamsburg Mr. Craig Broadwater relevant to

this action as Fata's injury occurred when Fata was on the job at Unicor while on the clock.

3 - Defendant FCI Williamsburg, South Carolina, represented by its warden Mr. Graham and AW Mr. Watson

(head of the Safety Committee), the Safety Manager Mr. Chisolm who are at all times relevant to this action

in light of Fata's work related injury as the warden orchestrated a settlement agreement with Mr. Ben Hall

who conceded to pay Fata his lost-time wages for work-related injury from June 28, 2023 to October 2, 2023.

4 - The district of South Carolina is an appropriate venue because a substantial part of the events giving

rise to the claims occurred within this district.

II - LEGAL BACKGROUND AND JURISDICTION:

5 - The Inmate Accident Compensation Act (IACA) provides an accident compensation procedure "for injuries

1

--------------------------------------------------------------------------------

suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined". 18 U.S.C. 4126(c)(4). Fata submits his IACA claims under the APA, 5 U.S.C. 701 et seq. after fully exhausting his administrative remedies. Thompson v. United States, 492 F. 2d 1082, 1084 n. 5 (5th Cir. 1974)(IACA does not confer jurisdiction in the federal courts to review the correlations of prisoner compensation claims under the applicable regulations ... Rather, jurisdiction is found in the APA")(5th Cir. 1974). Ellis v. Fed. Prison Indus., 1996 U.S. App. LEXIS 43627, at *2 (5th Cir. 1996). 6 - Here, Fata is seeking review under the "APA" of a final agency (BOP) action on an administrative request to recover lost-time wages under the IACA for work related injury, plus punitive damages and legal fees in pauper status. The Gravamen of the Complaint is that the Safety Committee decided on October 12, 2023, that Fata's injury is not work-related as it relied on incomplete records and is contradicted by the evidence and testimony that support: (1) Fata did notify his supervisor of his shoulder pain on and after 6-28-2023, witnessed by line 7 leadman Mr. Darryl Turner and Unicor worker in line 7, Roderick Sanford on same date before Fata reported to sick call, and (2) Unicor's counseling report by Mr. Broadwater and Mrs. Dukes as attached to Fata's BP-140 Injury Report and presented to the Safety Committee, had no consideration to Fata's shoulder pain included false and misleading information regarding Fata's non-compliance with safety measures at Unicor for failing to wear his safety glasses. For Unicor never provided Fata and Fata never received safety side shields to his prescription glasses as shown in the enclosed exhibits and OSHA Report. Fata's injury occurred while on the job, manifested with his progressive right shoulder pain during and after performing the assigned "double sewing operations simultaneously" while on the clock (Doc. 1). The Safety Committee relied on incomplete information, absent Fata's copouts and emails to Unicor staff, plus affidavits and Fata's admin. remedies that demonstrate Unicor's concessions to pay Fata's wage for September 2023. 7 - A "work related injury" is defined to include any injury including occupational disease or illness caused by the actual performance of the inmate's work assignment". 28 C.F.R. 301.102(a). BOP Program Statement 1600.09: "The cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job". Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980)(per curiam). Section 4126 not only covers injuries incurred while working in the prison, but includes pre-existing medical conditions that are subsequently injured or exacerbated in work-related incidents. See Vander, supra, 286 F. 3d at 664; Wooten v. United States, 825 F. 2d 1039 (6th Cir. 1987). Under BOP P.S. 1600.11, the Safety Committee is chaired

2

----------------------------------------------------------------------------------------

by the head of Safety department (Mr. Chisolm), must investigate a prisoner's injury while on the job and designate a recorder to prepare minutes. Minutes must be forwarded to the Committee members (Doc. 2).

8- Courts have broadly construed the term "work-related" injury. In Baynes v. United Sates, 302 Fed. Appx. 334 (6th Cir. 2008), the Sixth Circuit determined that an injury occurring during a trip to or from a job site, while on-the-clock, was a work-related injury. Baynes, 302 Fed.Appx. at 335-36; also see Payton v. United States, 2011 U.S. Dist. LEXIS 83187, 2011 WL 3240487 (E.D.N.C. July 28, 2011)(although the injury occurred while plaintiff was traveling to lunch, the court concluded the injury was work-related because the injury occurred while plaintiff was still on-the clock- and being paid.). In Wooten v. United States, 437 F.2d 79 (5th Cir. 1971), the Fifth Circuit determined that an inmate suffered a work-related injury where the inmate was injured on the work site while traveling to lunch. Wooten, 437 F.2d at 80 (finding inmate suffered a work-related injury while traveling on an elevator on his way to lunch). 18 USC 4126(c)(4) awards time-lost wages covering every injury that occurred during work activities, on the work site, or while the inmate was "on-the-clock. 301.102(a). See Goforth v. United States, 2010 U.S. Dist. LEXIS 106382, 2010 WL 3835541 (S.D.W.Va. Sep. 29, 2010)(denying summary judgment where there was "some evidence in the record to support [Plaintiff's] contention" that she was going to her job site at the time of her accident").

III- FACTUAL ALLEGATIONS :

9- Fata has been employed at FCI Williamsburg-Unicor since March 5, 2021, until he was taken off work detail by Mr. Broadwater on July 12, 2023 due to his workplace injury (Doc. 10). Fata's job description is to perform sewing Molle operations working at sewing machines from 7:30 am to 3:30 pm Monday through Friday. Since Mid February 2023, Fata's line 7 of Molle operations has experienced shortage of inmates workers, and Fata was asked to perform different types of sewing operations in line 7. Fata's main operation is to attach the top cover and top cover straps (operation No. 288) to the Molle bag. The second operation that Fata was asked to help intermittently as coverage due to the inmate worker unavailability is to attach the spindrift (operation No. 286) to the Molle bag. Those two operations require pulling on the material and carrying the heavy bags by hand, and carry and pull the bins that contain the necessary materials for each operation (Doc. 1). At no date and time before June 27, 2023 (date of Fata's workplace injury) was Fata ever asked to perform both operations 286 and 288 SIMULTANEOUSLY bouncing from one sewing machine to the other back and forth, absent workers assigned to perform both operations.

10- JUNE 26, 2023 AND JUNE 27, 2023:

On June 26, 2023 and June 27, 2023, Fata was asked again to perform both operations No. 286 and 288

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: AMENDED PLEADINGS - II
DATE: 04/13/2025 06:44:43 PM

CASE No. 2:24-cv-03778-MGL-MGB

SIMULTANEOUSLY bouncing from one machine (operation 286) to the other (operation 288). The inmate who performs operation No. 286 was not available. The nature of performing alternating operations simultaneously leading Fata to carry and lift the heavy materials from the blue bins to the racks back and forth required Fata to pull on his shoulder. While performing both operations, Fata felt pain in his right shoulder. However, Fata took medication (Motrin) and continued to sew. On that day, 6-27-2023, Fata did not know whether the pain was caused by a shoulder injury from pulling on the material or from lifting the Molle bags from the bins to the racks during the performance of both operations. Fata's medical records do not show pre-existing shoulder condition. And Fata was not at fault in performing the assigned operations.

11 - On June 28, 2023, the inmate who usually performs operation No. 286 attaching the spindrift had an excusable absence. There were 6 bundles of Molle bags that required attachment of spindrift.

12 - Fata was called to the office of his supervisor Mrs. E. Dukes (Foreman) who asked him to get on the sewing machine and perform the spindrift attachment (Doc. 1). No other inmate in line 7 was asked to perform the job or asked to help Fata jointly. Fata explained to Mrs. Dukes that he had already been helping the line in performing the operations, but can no longer perform the double work duty (operations 286 and 288) as he has shoulder pain and there was workers' shortage in line 7 on that day. Fata refused to execute the order in light of his shoulder pain that occurred during the performance of the double heavy duty operations. The conversation between Fata and Mrs. Dukes was witnessed by Mr. Darryl Turner who is the leadman on line 7 who was present in Mrs. Dukes' office when she called Fata to her office on 6-28-2023. One hour later, when Mrs. Dukes came back to line 7 to check with Fata why he did not execute her order to resume the double operation job, Fata reiterated his position to her as he could not perform the heavy workload due to his shoulder pain, as witnessed by line 7 co-worker Roderick Sanford (affidavits, Doc. 6).

13 - On the same day, 6-28-2023, Fata was called to the office of Mr. Broadwater who expressed his concern why Fata took the path refusing to execute Mrs. Dukes order to perform the job, being singled out, and told Mr. Broadwater that he is not fit physically and from health standpoint to perform this heavy duty operation that he was assigned in light of his age 58, with shoulder pain (Doc. 1). Mr. Broadwater opted to write a counseling report that Fata refused to sign as it contained "false allegations" such as Fata's failure to wear safety glasses, as Fata wears prescription glasses instead and was never provided safety side shields.

4

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

----------------------------------------------------------------------------------------

FROM: 48860039 FATA, FARID
TO:
SUBJECT: IACA-APA CLAIMS - (PART II)

CASE No.

The counseling had no consideration to Fata's health and physical complaint nor whether the factory had provided Fata side shields to his prescription glasses, as none was ever provided to Fata.

14- Late during the day on 6-28-2023, Fata's shoulder pain increased in frequency and intensity which required Fata to report the next morning on 6-29-2023, to medical "sick call" because of progressive right shoulder pain. P.S. Fata does not have pre-existing right shoulder problems.

15- JUNE 29, 2023: (Doc. 3)

On June 29, 2023, 6:30 am, Fata reported to medical "sick call" for worsening right shoulder pain increasing in frequency and intensity (score 8). Fata reported that the pain started at work after he performed the double operations simultaneously. Fata did not know how he injured it whether because of pulling or lifting at work or combined. Fata was told to continue Motrin. X-rays were obtained on 6-29-2023. On 7-13-2023, Mrs. Truesdale, RN corrected her notes as to the mixed documentation of the site of pain: right versus left shoulder. She noted: "inmate complaining of right shoulder pain".

16- On June 29, 2023, at 9:54 am, Fata was told that he will be out of work (medical idle) until he sees a medical provider, for his shoulder condition is not a medical emergency (Doc. 4). Medical provider emailed Mr. Broadwater and safety on 6-29-2023 (Doc. 4):

"Again, inmates that complain of severe debilitating pain worsened by their job cannot be allowed to continue in said position".

Fata never had pre-existing shoulder pain before performing the double operation simultaneously. Fata's shoulder pain was exacerbated by the job as the medical provider noted and occurred while on the clock. Thus, it is considered as workplace injury. Vander v. U.S. Dept. of justice, 268 F.3d 661 (9th Cir. 2001); see Wooten v. United States, 825 F.2d 1039 (6th Cir. 1987).

17- On 6-29-2023, after completion of his medical sick call, Fata returned to his supervisor Mrs. Dukes and gave her the medical idle order (Doc. 5) but she denied knowledge of Fata's shoulder pain and injury as Fata reported to her on June 28, 2023.

18- Fata's communications with his supervisor Mrs. Dukes in line 7 on 6-28-2023, were witnessed by Fata's coworker Mr. Roderick Sanford who was present when Mrs. Dukes returned to line 7, and he was interviewed by Mr. Broadwater on 6-28-2023 after Fata had expressed his pain and physical inability to do the job (Doc. 6).

5

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

19- On 6-30-2023, Fata submitted a copout to Mrs. Dukes asking her to report his injury to "Safety Department" and complete the "Injury Report" BP-140 as required by OSHA (Doc. 7). Mrs. Dukes refused to take Fata's copout and asked him to remove her name and keep Mr. Broadwater's name on the copout only.

20- Because of Mrs. Dukes refusal, Fata reported to safety department at FCI Williamsburg and reported his injury that occurred while on the job, and while Fata was on the clock. Fata gave Mr. Chisolm (safety department) a copy of the June 29, 2023 and June 30, 2023 copouts (Doc. 7). Fata also emailed safety department of his interaction with his supervisor (Doc. 8). Accordingly, Mr. Chisolm asked Mr. Broadwater on 6-30-2023 to generate the inmate "Injury Report" BP-A0140 (Part 1, Injury Report).

21- On July 7, 2023, Fata continued to complain of right shoulder pain and emailed medical provider to be seen ASAP. Fata was told to look for callout as his shoulder condition is not an emergency that requires hospitalization (Doc. 9).

22- On 7-12-2023, Fata was called to Mr. Broadwater's office to complete the BP-140 "Injury Report". Mr. Broadwater conceded that Fata's right shoulder pain/injury was work-related as he noted in the report, Part 1, (Doc. 10). From 6-27-2023, (date of Fata's workplace injury) to 7-12-2023, at least four additional workers in Fata's line 7 quit their job because of increasing work load, absent any help.

23- The BP-140 Injury Report shows that Mr. Broadwater took Fata off work detail after Fata signed the report on day 14 after the injury. Mr. Broadwater violated the required 30-day timeframe on medical idle work related injury per FPI Policy Statement P8120.03 (Doc.11). He told Fata: "You are not able to work here being idle, you will have to re-apply after you are cleared by medical".

24- Mrs. Dukes and Mr. Broadwater denied that Fata reported an injury at anytime, even during the counseling session (Doc. 10), but they did not deny that Fata's injury is work-related as Mr. Broadwater noted in the "Injury Report". Mr. Broadwater kept question 13 of "witnessing inmates to injury" unanswered and omitted the testimony of inmate Roderick Sanford (Doc. 6) whom he interviewed on 6-28-2023 as Mr. Sanford witnessed Fata's communications with his supervisor on that day, and the workplace injury.

25- When Fata reported his shoulder pain to his supervisor on 6-28-2023, he did not know whether he was injured from pulling on the fabric or from lifting the heavy material. The BP-140 Injury Report shows that when Fata continued attaching the spindrift on 6-27-2023, his shoulder pain became more intense causing him to take Motrin (Ibuprofen) which was the reason why Fata rejected Mrs. Dukes' order to continue performing the heavy duty job assignment on 6-28-2023.

26- On 7-31-2023, Fata's right shoulder pain and mobility worsened despite taking Ibuprofen plus Tylenol.

6

Fata notified medical as he has not seen a medical provider yet (Doc. 12).

27- On 8-4-2023, Fata was approached by two inmates employed at Unicor who stated that Mr. Broadwater is working with Safety Department to "block" Fata's Injury Report under the Inmate Accident Compensation Act (IACA). Mr. Broadwater has shared Fata's workplace injury at unicor with those two inmates in open discussions held in his office (Doc. 13). Fata emailed his complaint to Mr. Broadwater and to Mr. Chisolm and Mr. Watson (Associate Warden).

28- On 8-11-2023, Fata sent an electronic copout to Mr. Broadwater asking him to refrain from sharing Fata's physical injury with other inmates at unicor as one additional inmate came to Fata stating that Mr. Broadwater will block Fata's Injury Report filed with the Safety Department (Doc. 14). Fata again notified Mr. Chisolm of this event during mainline for fear of retaliation (Doc. 14).

29- Fearing for his safety from Unicor's retaliation, Fata filed a complaint to the Occupational Safety and Health Administration (OSHA) sent on August 1, 2023. Fata alleged three counts (Doc. 15).

30- COUNT ONE: Unicor's concealment of inmates' workplace injury and violation of Section 11(c)(1) of the OSH Act or 29 U.S.C. 660(c). (Doc. 15).

31- COUNT TWO: Unicor's Failure to provide Fata safety side shields for his prescription glasses and safety finger shields as required by the manufacturer package for Brother company (Doc. 15). Fata has signed for or recived safety glasses, but did not receive side shields.

32- COUNT THREE: Violation of the Inmate Accident Compensation Act and BOP P8120.03 (Doc. 15).

33- On 8-7-2023, Fata received the response to his BP-8; Informal Resolution of his grievance filed on 7-2-2023 against Unicor (Doc. 16). Mr. Broadwater failed to answer Fata's complaint or provide remedy.

34- On 8-8-2023, Fata filed a BP-229 that alleged 6 counts. The warden has not answered Fata's BP-229.

35- End of August 2023, Fata was called to Mr. Chisolm's office to resolve or settle this matter. Fata's response was clear: "follow the LAW" under the IACA. Fata re-iterated his intent to go back to work at unicor after he is medically cleared. Fata has not yet been seen by a medical provider as of the date of the meeting.

36- Mr. Chisolm told Fata that the warden is reaching out to Mr. Ben Hall (Unicor's operations manager) to resolve this matter under the IACA.

37- On August 17, 2023, Fata received the investigative OSHA report signed by Mr. R.S. Dunbar (warden) sent to OSHA to answer OSHA Complaint No. 2066626 where the review of eye protection inventories revealed supplies were low/absent (Doc. 18). The OSHA report supports Fata's complaint and BP-229 as Mr. Broadwater lied on his counseling report that falsely accused Fata of not wearing his safety glasses

7

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

---------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: AMENDED PLEADINGS - NEW SCHEDULING ORDER
DATE: 04/15/2025 09:39:43 AM

CASE No. 2:24-cv-03778

but Fata wears prescription glasses instead and was never provided side shields when he requested them from his supervisor at Unicor in May 2023 (Doc. 19) as Unicor did not have any at that time.

38 - The August 17, 2023, OSHA Report also confirms that when Fata's supervisor asked him to perform operation 286, and later falsely accused him to violate Unicor's safety measures as noted in Unicor's Counseling Report dated on 6-28-2023, Fata's sewing machine was not equipped with the proper guarding as Fata noted in his Complaint to OSHA (Doc. 15). The safety finger guards were missing in Fata's sewing machine, and Fata's supervisor Mrs. Dukes repeatedly failed to instruct the mechanic workers to place the finger guards into the proper position as required by the manufacturer-Brother Company. (Doc. 18).

39 - When OSHA initiated its investigation of Fata's Complaint (Doc. 15), the safety officer at FCI Williamsburg, Mr Brughman issued a report detailing Unicor's violations. The warden's report sent to OSHA on 8-17-2023, altered Mr. Brughman's original report related to Unicor's OSHA violations (Doc. 18).

40 - Discovery should produce Mr. Brughman's original report (authentic) from safety department that shows the true depth and extent of Unicor's OSHA violations that were omitted in the "Counseling Report" that Unicor failed to report to Safety department and in the BP-140 Injury. rather, Unicor's counseling report on 6-28-2023 placed the blame at Fata's door that corrupted the Safety Committee decision-making. Fata filed a BP-8 against the warden's office in regard to the alteration of FCI Williamsburg's inspection report in response to the OSHA Complaint (Doc. 20). The warden failed to respond and asked Fata to file a BP-10 bypassing a BP-229. fata filed a BP-11 under the PLRA (DOC. 20), but Region and Central failed to respond.

41 - On 9-8-2023 and 9-16-2023, Fata asked his warden to respond to his BP-229 against Unicor as the deadline to respond under the PLRA has passed. During mainline, the warden asked Fata what remedy is he requesting to settle the case, Fata responded: "Follow the LAW" - IACA (Doc. 21).

42 - On September 21, 2023, Fata was called to meet with Mr. Broadwater, and Mr. Ben Hall. Mr. Chisolm was present at the meeting. Mr. Ben Hall conceded to pay Fata his lost-time wages from 6-28-2023 to date of return to work. In fact, Fata received a wage for the month of September 2023. During the meeting, Mr. Broadwater asked Fata to withdraw his BP-229, but Fata refused until his lost-time wages are paid under the IACA pending the Safety Committee determination. Fata told Mr. Ben Hall that he is planning

8

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039 FATA, FARID
TO:
SUBJECT: IACA-APA CLAIMS (PART III)

CASE No.

to return to work at unicor pending medical evaluation and after medical clearance.

43- On 9-28-2023, Fata had a clinical encounter with the BOP medical provider for the first time since after his medical sick call on 6-29-2023. The provider diagnosed Fata with impingement syndrome of the shoulder and recommended that Fata return to work with restriction (Doc. 22).

44- Based on the medical provider evaluation on 9-28-2023 (Doc. 22), Fata was rehired at Unicor on 10-2-2023, after Mr. Broadwater discussed Fata's condition with medical provider on 9-29-2023 (Doc. 23).

45- On October 3, 2023, medical provider Mrs. Harrell, PA, discussed Fata's work restrictions with physical therapist (PT) who recommended to reinstate Fata's medical idle on October 4, 2023 (Doc. 24) for 3 months to allow further PT: Mrs. Harrell has also notified safety department and unicor. Those findings rebut the warden's response to Fata's BP-229 (Doc. 30, Admin. Remedy Case # 1173819-F1).

46- Fata is filing the physical therapy clinical encounters. Fata asked the physical therapist whether his shoulder's impingement and impaired muscle performance can be proximately caused and exacerbated by his work at unicor as Fata's injury occurred after Fata was pulling on the fabric and lifting the Molle bags. (Doc. 25).

47- At the request of Mr. Chisolm, Fata met with him and Mr. Broadwater in safety department on October 5, 2023. During the meeting, Mr. Chisolm pressed Mr. Broadwater to pay Fata his lost-time wages from the date of injury, as Mr. Chisolm's position is that this matter has already been agreed upon with Mr. Ben Hall during the September 21, 2023 meeting.

48- On October 10, 2023, Fata met with Mr. Broadwater who held a telephone conference with Mr. Ben Hall. Both parties agreed that Fata has been paid his lost-time wage for the month of September 2023. Mr. Hall added and told Fata: "we owe you the wages of July 2023 and August 2023, and one day of October 2, 2023". As to October 2023 and November 2023, Mr. Ben Hall stated that he would wait on the safety committee report for further payments / determination.

49- On October 16, 2023, Mr. Chisolm called Fata to his office and notified him that the Safety Committee determined that Fata's injury is not work related. (Doc. 26). In the report, Mr. Chisolm noted on August 7, 2023, that Fata should be counseled to report his injury to his supervisor, though

9

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: AMENDED PLEADINGS - III
DATE: 04/13/2025 03:00:05 PM

CASE No. 2:24-CV-03778-MGL-MGB

Fata did report his injury to his supervisor when Fata's injury occurred while on the clock on 6-28-2023 and the evidence (copouts and emails) and testimony of Mr. Roderick Sanford showed that Fata did notify his supervisor (Doc. 1; Doc. 6; Doc. 7). 28 C.F.R. 301.105(a). When asked whether he submitted Fata's copouts to the Safety Committee that Fata reported his shoulder pain to his supervisor and the affidavit of Roderick Sanford who witnessed Fata's communications with his supervisor in line 7 on 6-28-2023, as well as other witnesses (Mr. Darryl Turner, leadman in line 7 at Unicor who was present in Mrs. Dukes office on 6-28-2023 during Fata's meeting with Mrs. Dukes when Mrs. Dukes called Fata to her office and interrogated him asking why Fata stopped his assigned work), Mr. Chisolm acquiesced though Fata had given him copies of those copouts. Mr. Chisolm was repeatedly made aware of the OSHA Report and the evidence provided above.

Mr. Chisolm could not comment on his BP-140 Report's conflicting recommendation to retrain Fata on the operating procedure of the equipment as Fata's injury was not work related per the Safety Committee's decision. Mr. Chisolm (Chair of Safety Committee) had no answer as Fata was at "no fault" in performing the assigned "double sewing operation simultaneously", and Fata did follow the instructions and had excellent quality of work to follow assigned procedures. 28 C.F.R. 301.105(a). The Safety Committee kept page 2, question 4 of Fata's BP-140 Injury Report, "blanc" (Doc. 26), and its chair told Fata he will call for him to receive a completed copy of the Committee's review comments, but he never did, 28 C.F.R. 301.105(b), knowing that he (as head of Safety Department) is required under BOP P.S. 1600.14 to report to the Committee Fata's injury, but he never did.

50 - On October 19, 2023, Fata filed a grievance asking Mr. Chisolm as chair of the Safety Committee to clarify the 180 degree change because the Committee's decision contradicts the evidence and testimony of Mr. Roderick Sanford omitted in Fata's BP-140 Injury Report, page 1, question 13, that Fata did report his injury to his supervisor and that Mr. Darryl Turner was present in Mrs. Dukes office when she called Fata to her office. Mr. Turner had witnessed the conversation between Fata and Mrs. Dukes on 6-28-2023 (see attached affidavit of Mr. Turner). 28 C.F.R. 301.105(a). For Fata's injury occurred while on the job and while on the clock (Doc. 27).

51 - On October 30, 2023, Mr. Chisolm responded to Fata's BP-8 (Doc. 28), but did not complete the Safety

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B
------------------------------------------------------------------------------------------------

Committee's page 2, question 4 of the BP-140 Injury Report that was kept "blanc". He told Fata he will call

for him to receive a copy of the Committee's review but never did. 28 C.F.R. 301.105(b). Accordingly, Fata

is respectfully asking the Honorable Court to engage in discovery to access the Safety Committee

minutes meeting on October 12, 2023 and any "documentary evidence or testimony" considered by the

Committee including the emails of safety officer Mr. Turner to Mr. Broadwater from June 28, 2023 to October

12, 2023 as related to Fata's work place injury.  Such evidence is material and essential to the conclusion

of this case as it has been omitted in Fata's BP-140 Injury Report and there is good cause of success on

the merits had this information been presented to the Safety Committee on October 12, 2023. Fata filed

a BP-229, BP-10 and BP11 (Doc. 28) because there is plausible consideration upon the evidence Fata filed

in his Amended Complaint that the Safety Committee's decision relied on false information and incomplete

records and is contradicted by the evidence and testimony of Mr. Roderick Sanford and Mr. Darryl Turner that

(1) Fata did notify his supervisor and (2) FCI Williamsburg-Unicor is concealing in the BP-140 Injury Report

material facts associated with Fata's injury while on the job and on the clock. 28 C.F.R. 301.105(a).

Accordingly, under the Freedom Of Information Act (FOIA), 5 U.S.C. 552, Fata requested the Safety

Committee minutes meeting from the agency represented by its supervisory attorney, but the agency

failed to comply with FOIA.

52 - On October 24, 2023, Fata received the warden's response to his BP-229 filed against Unicor in August

2023, Admin. Remedy Case #1173819-F1 (Doc. 29). The response came immediately after the Safety Committee

determined that Fata's injury is not work related. The response conceded that Fata was paid lost time wage

for September 2023. For the evidence and testimony and OSHA Report belie the warden's response and

contradict the Safety Committee decision, simply because the response was not prepared by him: for Fata

never met with Mr. Ben Hall in the [warden's office] on September 21, 2023 according to the warden's response.

During mainline, the warden conceded to Fata that his response was written by Mr. Broadwater instead. Fata

filed a BP-8 against his warden and whether the Safety Committee relied on such false information in its

decision-making to determine that Fata's injury was not work-related remains to be determined as it kept

Part II, Question 4 of the Injury Report "blanc" and thus denied Fata's work-related shoulder injury.

53 - On November 2, 2023, Fata had a medical follow-up while continuing physical therapy to his shoulder,

and updated Mr. Broadwater of his intent to return to Unicor after medical clearance (Doc. 30).

54- Fata fully exhausted his administrative remedies against Mr. Broadwater (Doc. 17, 31), Safety Committee

Chair Mr. Chisolm (Doc. 27, 28), and his warden Mr. Graham (Doc. 20).

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

---

55 - On May 11, 2024, still idle, Fata reported to medical his recurrent right shoulder pain that was progressive with mobility restrictions since the end of April 2024 (Doc. 32) as the recurrence of his "right shoulder pain" from the injury warranted the medical provider to see him on 7-12-2024, and order an MRI of the right shoulder (Doc. 33).

56 - Fata is attaching his affidavit (Doc. 34), signed under penalty of perjury.

57 - On July 12, 2024, Fata notified Mr. Broadwater that he had seen the medical provider who ordered an MRI of the right shoulder, with "no work duty" as Fata remained idle, and committed to return to work at Unicor once cleared by medical (Doc. 35).

12

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: AMENDED PLEADINGS - IV
DATE: 04/13/2025 05:37:33 PM

Case No. 2:24-CV-03778-MGL-MGB

58 - On March 21, 2025, Mr. Broadwater called Mr. Roderick Sanford to his office and iterrogated him to state that there was no pulling involved in attaching the top cover. Mr. Broadwater never asked regarding other operations Fata was assigned to do the day he was injured on 6-28-2023. Mr. Sanford stated that although attaching the top cover alone may not be associated with pulling, physical lifting of the Molle bags from the blue bins to the racks does involve pulling and may be intense. Mr. Broadwater did not want to hear this opinion and even refused to talk with Mr. Sanford on March 24, 2025, when Mr. Sanford returned to clarify to Mr. Broadwater that Mr. Fata was indeed assigned multiple operations on 6-28-2023 that were involved with physical pulling. Accordingly, Plaintiff is filing the affidavit of Mr. Sanford (Doc. 36).

59 - WHEREFORE, plaintiff demands engagement in Discovery requesting (1) the electronic communications between Safety Department and Unicor related to Fata's workplace injury.

(2) The Safety Committee minutes meeting on October 12, 2023, that are essential to the conclusion of this case, and the documents and evidence relied upon that affected the decision-making of the Committee as there is good cause of success on the merits: for the Safety Committee's decision relied on incomplete and false information as shown in the minutes. Plaintiff also requests judgment against defendants, and recovery for lost-time wages as his injury is "work-related" and covered under Title 28, Part 301, Inmate Accident Compensation, plus court fees and punitive damages as the Court deems proper.

IV - CONCLUSIONS:

The Safety Committee's decision classifying Fata's injury as "not work related", relied on incomplete records and false information and is contradicted by the evidence and testimony as Fata did notify his supervisor of the injury witnessed by Mr. Roderick Sanford and Darryl Turner whose testimonies were omitted in Fata's BP-140 Injury Report (Page 1, Question 13), 28 C.F.R. 301.105(a); and (2) FCI Williamsburg Unicor's counseling Report attached to Fata's Injury Report included false information that is contradicted by the OSHA Report and has misled the decision-making of the Safety Committee. For the Safety Committee did not complete and kept "blanc" Fata's BP-140, page 2, Question 4 (see 28 C.F.R. 301.105(b)).

Accordingly, defendants and the Institution Safety Committee have acted in violation of the IACA and its Regulations for purposes of the APA to deny Fata's injury that is work-related and grounded on evidence

13

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

and testimony; 28 C.F.R. 301.101(b); 301.102(a); 301.105(a); and 301.202(a); thus, covered under Title

28, Part 301, Inmate Accident Compensation. See Ren v. United States, 60 F. 4th 89, 93 (4th Cir. 2023)

(quoting 5 U.S.C. 706(2)(A)).

Signed under penalty of perjury. 28 C.F.R. 1746.

Respectfully Submitted,

Farid Fata          April 15, 2025

Farid Fata
# 48860-039
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

Doc. 29

U.S. Department Of Justice

Federal Bureau of Prisons

**Request For Administrative Remedy**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: FATA, FARID    48860-039    1BL    FCI WIL, SC
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**    8-8-23

Pursuant to Rejection Notice of my BP-229 dated 8-29-23, received on 9-5-23, and as discussed with Warden and Mr. Chisolm during mainline:

1 - Mr. Broadwater must comply with the Law and BOP P8120.03 (18 USC 4126(c)) for Payment of lost-time wages (Grade 2 Pay) → Fata's Grade Pay April 2023

2 - Mr. Broadwater must re-instate Fata on work-detail as Fata was terminal Based on his work related injury, to comply with OSH Act Section 11(c).

3 - Provide Fata safety "side shields" for his prescription glasses per OSH Act.

4 - Refrain to share Fata's injury with other inmates as retaliation strategy

5 - Report Fata's injury to OSHA under the Law.

                                                    Farid Fata
9-5-23
_____                                    _____
DATE                                               SIGNATURE OF REQUESTER

**Part B - RESPONSE**





_____                        _____
DATE                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: 1173819-F1

**Part C - RECEIPT**                               CASE NUMBER: 1173819-F1

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                        _____
DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                            BP-229(13)
FPI-PEPR        PRINTED ON RECYCLED PAPER                   APRIL 1982

115

U.S. Department Of Justice
Federal Bureau of Prisons

**Request For Administrative Remedy**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: FATA    FARID                    4 8860-039       1 BL       FCIWIL, SC
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.           UNIT       INSTITUTION

**Part A- INMATE REQUEST**

1- Mr. Broadwater violated Section 11(c) of OSH Act and Unicor Policy P8120.0.
by removing Fata from work detail based on his work related injury while on the
job (see BP-140) before determination by Safety Committee.

2- Mr. Broadwater violated the "Inmate Accident Compensation Act",
18 USC 4126 (c) (4), and the Inmate Accident Compensation at FPI, Inc.
Under 28 CFR Part 301, paragraph 301.203, Payment of Lost-Time Wages,
Subpart B, to compensate Fata his lost time wages. Fata sent Him
copouts to comply with P8120.03, but he failed to do so.

8- 8 - 2023                                              Farid Fata
       DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**


_____                              _____
       DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                CASE NUMBER: _____

**Part C - RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____


_____                              _____
       DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR                    PRINTED ON RECYCLED PAPER                          BP-229(13)
                                                                              APRIL 1982

116

REQUEST FOR ADMINISTRATIVE REMEDY
Part B - Response

**Admin. Remedy Case #:1173819-F1**

This is in response to your Request for Administrative Remedy, dated September 05, 2023, in which you stated that "staff must comply with the law and BOP P8120.03 18 U.S.C. 4126 (c) for payment of lost of wages (grade 2 pay) April 2023, staff must reinstate inmate Fata on work-detail as Fata was terminate based on his work related injury, to comply with OSH Act section 11(c), and staff must provide safety "side Shields" for his prescription glasses per OSHA Act".

Program Statement P8120.03, Work Programs for Inmates of 18 U.S.C.§§ 345.67(c)(3), dated February 23, 2017, pages 37, states **If an inmate is absent because of a FPI work-related injury where the inmate was not at fault, the inmate retains his or her pay grade, with actual pay suspended.** Inmate Fata, Farid 48860-039 injury was not work-related therefore he is not eligible for lost wages. Fata claim he is a pay grade 2. The Operations Manager and I had a town hall at the end of March 2023 to inform the inmates working on the MOLLE production line that their pay was being reduced to grade 4 due to a change in pay status. During a meeting held in late September 2023, the Operations Manager B. Hall authorized payment for September 2023 at grade 4 pay if inmate Fata was medically cleared to return to work.  To date, Inmate Fata has received payment for lost for wages for the month of September 2023.

Program Statement P8120.03, Work programs for Inmates of 18 U.S.C.§§ 345.65 (19), dated February 23, 2017, pages 34, **65 Inmate medical work limitation. In addition to any prior illnesses or injuries, medical limitations also include any illness or injury sustained by an inmate which necessitates removing the ill worker from an FPI work assignment. If an inmate worker is injured more than once in a comparatively short time, and the circumstances of the injury suggest an awkwardness or ineptitude which in turn indicates that further danger exists, the inmate may be removed to another FPI detail or to a non-FPI detail.** Inmate Fata was removed from the work detail due to an email received on June 29, 2023, from FCI Williamsburg Medical department which states:  "Inmates that complain of severe debilitating pain worsened by their job cannot be allowed to continue in said position. Additionally, Inmate Fata was counseled by his direct supervisor Fabric Worker Supervisor E. Dukes that he would be able to return to UNICOR once he was medically cleared.  On September 21, 2023, during a meeting with Operations Manager B. Hall, and  Factory Manager C. Broadwater,

117

Request for Administrative Remedy
Part B - Response
ADMIN REMEDY 1173819-F1
Page 2

inmate Fata stated he was in good health and would be able to return to work immediately, however when inmate Fata reported to medical, he stated he was still having medical issues. Inmate Fata has another medical idle for 4 - 5 weeks. It has been explained to inmate Fata if he exceeds 30 days, he could be removed from UNICOR per policy. Due to Inmate Fata's false statement that he was healthy enough to return to work immediately, inmate Fata was rehired on October 2, 2023. Inmate Fata is currently assigned to Unicor but his medical idle was reinstated on October 3, 2023.

Inmate Fata was issued safety glasses and side shields in February 2023. The attachment will show where inmate Fata signed for safety glasses and stated "yes" he received side shields. Staff conducted a town hall to ask the inmates if they needed safety glasses or side shields. In May 2023 inmate Fata never approached me or his immediate supervisor to state that he needed side shields.

Additionally, you claim that staff must refrain from sharing Fata's injury with other inmates as retaliation strategy, and that staff must report Fata's injury to OSHA under the law.

Program Statement 3420.11, Standards of Employee Conduct page 6, section 5, specifies, **PERSONAL CONDUCT**, "Employees are expected to conduct themselves in a manner that contributes to the orderly running of Bureau facilities. Some types of behavior cannot be tolerated in the Bureau." The Bureau of Prisons takes allegations of possible staff retaliation towards inmates seriously and are thoroughly reviewed. A review into your complaint will be conducted; however, you will not be informed of the outcome of the review.

Therefore, based on the above, your Request for Administrative request was partially granted: Inmate Fata was paid for the month of September 2023. Inmate Fata was issued side shields on February 16, 2023. Inmate Fata was rehired on October 2, 2023, but he returned to medical idle on October 3, 2023.

If you are not satisfied with this decision, you may appeal to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia, 30331-6226. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

M. Graham, Warden

10/23/2023
Date

118

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: FATA    FARID          488860039      1BL     FCI WIL, SC
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

the Warden failed to answer Fata's complaint to Provide the "Minutes" of safety Committee on October 12, 2023, under BOP Program Statement 1600.11

Warden failed to Provide the Original OSHA Report generated by Mr. Broughman's (safety Dept. officer) toward Unicor's Inspect/Violations

~~Warden failed to answer~~ whether safety committee chair (Mr. Chisolm) Presented Fata's evidence to Safety Committee - Mr. Chisolm determination in Injury Report is false/incorrect as to reporting to Unicor's superior as requirement, not required under P 1600.11

12-21-23                ⁴= last two page under ACA             Farid Fata
   DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**


_____                              _____
        DATE                                            REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                   CASE NUMBER: _____

**Part C - RECEIPT**
                                                CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____        ⊛         _____
        DATE              PRINTED ON RECYCLED PAPER   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR                                                          BP-230(13)
                                                                 JUNE 2002

119

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: FATA FARID     48860-039     1 BL     FCI WIL
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

1 - The Warden and Regional Director failed to answer Fata's Complaint to Provide the "Minutes" of Safety Committee on October 12, 2023 Under BOP P 1600.1

2 - Warden and Regional Director failed to Provide the "Original" OSHA Report from Safety Dept. officer Mr. Broughman's showing Unicor's OSHA violations -

3 - Fata is requesting his lost time wages from 6-29-23 to 8-31-23 and from 10-1-23 to Present as he continue to be "Medical Idle".

4 - Mr. Chisolm (safety Dept,) determination in Fata's Injury Report that Fata should have reported to his Unicor Supervisor is NOT required Under P 1600.11,

2-28-24
DATE

Farid Fata
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

GENERAL COUNSEL

CASE NUMBER: _____

CASE NUMBER: _____

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 29, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
SOUTHEAST REGIONAL OFFICE

JAN 2 2 2024
warden

TO  : FARID FATA, 48860-039
WILLIAMSBURG FCI    UNT: 3 GP    QTR: A04-220L
P.O. BOX 220
SALTERS,  SC 29590

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 1173819-R1        REGIONAL APPEAL
DATE RECEIVED    : NOVEMBER 28, 2023
SUBJECT 1        : INSTITUTION WORK ASSIGNMENT - OTHER
SUBJECT 2        : UNICOR - GRADE, PAY, PROMOTION, BENEFITS
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
OF THE (BP-09) RESPONSE FROM THE WARDEN.

121

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __FATA, FARID__ __48860-039__ __1BL__ __FCI WIL__
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

1- The Warden's "investigative report" sent to OSHA dated on August 17, 2023, Complaint No. 2066626, has altered the original OSHA safety officer Mr. Brughman's report that shows the numerous Unicor's violations (OSHA violations).

2- the Warden's response to Fata's BP-229, Admin Remedy case # 1173819-F1 fabricates evidence as the Warden falsely claimed that he and the Operations Manager had a Townhall (Warden was absent) at the end of March 2023 To inform the inmates working on the Molle production line that their pay was being reduced to grade

3- the Warden signed on Fata's BP140 Injury Report's Safety Committee and gave no reasons to justify why Fata's injury is not work related, indefiance to BP1600, t Program statement that mandates taking "minutes", after he reversed course and ha asked Unicor's Operations Manager Mr. B. Hall to Pay Fata's Lost Wages for Workplace injury that occurred while on the clock.

__11-16-2023__
    DATE              _Farid Fata_
                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

Regional Counsel
Southeast Regional Office

_____                _____
        DATE                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __1173819-R1__

**Part C - RECEIPT**

                                    CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.          UNIT         INSTITUTION
SUBJECT: _____

_____                _____
        DATE                           SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR              PRINTED ON RECYCLED PAPER                                  BP-230(13)
                                122                                         JUNE 2002

123

DOC. 30

BP-A0148
JUNE 10                           INMATE REQUEST TO STAFF CDFRM
U.S. DEPARTMENT OF JUSTICE                      FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. Broadwater | DATE: 11-2-2023 |
|---|---|
| FROM: Farid Fata | REGISTER NO.: 48860-039 |
| WORK ASSIGNMENT: Medical Idle | UNIT: 1BL |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

Mr. Broadwater (Factory Manager)

On November 2, 2023, I had a medical follow-up with Mrs. Harrell (PA who stated continued improvement in my shoulder injury, being on track to be cleared to return to work by January 4, 2024, after finishing Physical therapy.

thank you for your understanding.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate

PDF                    Prescribed by P5511

This form replaces BP-148.070 dated Oct. 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder        SECTION 6

124

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

---------------------------------------------------------------------------------------------------------

FROM: 48860039
TO: UNICOR
SUBJECT: ***Request to Staff*** FATA, FARID, Reg# 48860039, WIL-A-B
DATE: 11/02/2023 09:26:56 AM

To: Mr. Broadwater
Inmate Work Assignment: MEDICAL IDLE

Mr. Broadwater,

On November 2, 2023, I had a medical follow-up with Mrs. Harrell, PA, who stated a continued improvement in my

shoulder injury, and recommended to continue physical therapy. I want to reiterate that I am on track to be cleared .

to return to work at Unicor by January 4, 2024.

Thank you for your understanding

125

Doc. 31

12.6

*Inmate received 02/27/24*
*H. Hd / K. Bush*
*Chief Unit Manager*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 16, 2024

FEB 26 2024

FROM: ADMINISTRATIVE REMEDY COORDINATOR
SOUTHEAST REGIONAL OFFICE

TO  : FARID FATA, 48860-039
WILLIAMSBURG FCI    UNT: 3 GP    QTR: A04-221L
P.O. BOX 220
SALTERS,  SC 29590


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1173819-R3    REGIONAL APPEAL
DATE RECEIVED  : JANUARY 29, 2024
SUBJECT 1      : INSTITUTION WORK ASSIGNMENT - OTHER
SUBJECT 2      : UNICOR - GRADE, PAY, PROMOTION, BENEFITS
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS        : THIS APPEAL HAS BEEN ACCEPTED AT THE REGIONAL LEVEL
                 UNDER ADMIN REMEDY 1173819-R2

127

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __FATA     FARID__     __48860-039__     __IBL__     __FCI WIL__
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

Per the Warden's office (Mrs. Scott), and as noted and signed by Unit Manager on my BP-8, Mr. J. Hunter, I was instructed to proceed directly to a BP-10, the Warden will **not** respond, i.e. no BP-9 is present. Feel free to contact the Warden's office to verify.

__1-22-24__
DATE

__Farid Fata__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JAN 29 2024

Regional Counsel
Southeast Regional Office

_____     _____
DATE     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: __1173819-R3__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
DATE     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR     PRINTED ON RECYCLED PAPER     BP-230(13)
JUNE 2002

12 8

Regional Administrative Remedy Appeal No.: 1173819-R2
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted on
October 24, 2023. You are appealing the Warden's response to your administrative request
wherein your claim UNICOR work related injury.

Warden Graham's response has adequately addressed your allegations.

Accordingly, your Regional Administrative Remedy Appeal is for Informational Purposes Only.
If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of
Prisons, and 320 First Street, NW, Washington, D.C. 20534.  Your appeal must be received in
the Office of General Counsel within 30 calendar days of the date of this response.


_5/22/24_____
Date

_____
Regional Director, SERO

129

FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,   SC 29590



JUL C2 2024

DATE: 7-3-24
TIME:
SECRETARY:
UNIT MANAGER:

130

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _FATA FARID_    _48860-039_    _1BL_    _FCI-Wil_
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

1- Fata was not at fault and his right shoulder work place injury occurred during performing double sewing operation on 6-27-2023, Fata had notified his supervisor Mrs. Dukes on 6-28-23 of his shoulder pain and could not perform the job when she asked him to continue sewing on 6-28-23. Mr. Chisolm (safety) received an affidavit of Inmate Roderick Sanford who witnessed Fata telling his supervisor on 6-28-23 of him developing right shoulder pain when he developed the double operation.

2- Warden's responce failed to answer that supervisor Dukes refused to take Fata's copout of the shoulder injury and asked to remove her mame and keep Mr. Broadwater instead. Copy of copout was given to safety comittee

10-25-2023 (Mr. Chisolm), → (see attachment).    _Farid Fata_
DATE         SIGNATURE OF REQUESTER

**Part B - RESPONSE**



RECEIVED

OCT 2 4 2023

Regional Counsel
Southeast Regional Office

---

DATE        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _1173819-R2_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR    PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

131

BP-10 (BP-230)    ATTACHMENT

3 - Fata was grade 2 pay when the town hall meeting Mr. Broadwater held in March 2023 with the Holle inmates re. reduction of their pay to Grade 4. though this is NOT Fata's concern or main complaint.

4 - Assuming Fata's work place injury is not work related, How come Mr. Brodwater (manager) and B. Hall (Regional operations) did conceed to pay Fata for lost-time wages for September 2023?

5 - Further, How come both Mr. Broadwater in a meeting with Fata, Teleconferencing with Ben Hall on Tuesday Oct 10, 2023 conceed to pay Fata time lost wages for the months of July 2023 and August 2023, to reverse course one week later as the Safety committee report 10-12-23, stated that Fata's injury is not work related, based on conflicting facts.

6 - Fata never told B. Hall and C. Broadwater on Sept. 21, 2023 that he would be able to return to work immediately simply because hee has not seen a medical provider yet after/since after he reported to "sick call" on 6-29-2023. Indeed, on Sept. 28, 2023, Mrs. Harrell, PA released Fata to work with "restrictions", but reversed course one week later 10-3-2 as the physical therapist recommended to place Fata as medical idle 10-4-2 for the completion of physical therapy for 4-6 weeks. that

7 - would explain why Fata was rehired on October 2, 2023 based on the opinion of Mrs. Harrell and not Fata's statement (became idle on 10-3-23).

8 - the warden's report is incorrect as Fata had signed for safety glasses only and not for side shields. Fata had given his supervisor a Copout on May 31, 2023, requesting side shields but Unicor had none. the August 2023 "OSHA report" conforms this findings. the warden's report was rather prepared by Mr. Broadwater and not the warden and lacks credibility, rebuttled by "OSHA report".

9 - Warden failed to address Unicor cover-ups of work place injuries of other inmates as no single inmate's work place injury at FCI wil- Unicor had ever led to any inmate to retain his pay grade and receive payments for lost-time wages since the inception of Unicor in October 2020, for Unicor failure to report the injury to Safety Dept./ OSHA citations.    David Fata  10-25-2023

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _FATA    FARID_          _48860-039_    _IBL_    _FCI WIL_
  LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

1— Fata was not at fault and his right shoulder work place injury occurr during performing double sewing operation on 6-27- 2023. Fata had notified his supervisor Mrs. Dukes on 6-28-23 of his shoulder pain and coul not perform the Job when she asked him to continue sewing on 6-28-23. Mr. Chisolm (safety) received an affidavit of Roderick Sanford who witnessed Fata telling his supervisor on 6-28-23 of him developing right shoulder pain when he developed the double operation-

2— Warden's response failed to answer that Supervisor Dukes refused To Take Fata's copout of the shoulder injury and asked to remove her name, and keep Mr. Broadwater instead. Copy of copout was given to "Safety Committee".

_2-28-24_    →(see attachment)         _Farid Fata_
  DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAR 08 2024

Administrative Remedies
Federal Bureau of Prisons

_____          _____
        DATE                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _1173819-A2_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT:_____

_____          133      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
        DATE                                                                BP-231(13)

ATTACHMENT (on 2-28-24)

3- Fata was grade 2 pay when the town hall meeting Mr. Broadwater held in March 2023 with the Holle inmates re. reduction of their pay to Grade 4. though this is NOT Fata's concern or main complaint.

4- Assuming Fata's workplace injury is not work related, How come Mr. Brodwater (manager) and B. Hall (Regional operations) did conceed to pay Fata for lost-time wages for September 2023?

5- Further, How come both Mr. Broadwater in a meeting with Fata, Teleconferencing with Ben Hall on Tuesday Oct 10, 2023 conceeds to pay Fata time lost wages for the months of July 2023 and August 202: to reverse course one week later as the safety committee report 10-12. Stated that Fata's injury is not work related, based on conflicting fac

6- Fata never told B. Hall and C. Broadwater on Sept. 21, 2023 that he would be able to return to work immediately simply because he has not seen a medical provider yet after/since after he reported to "sick call" on 6-29-2023. Indeed, on Sept. 28, 2023, Mrs. Harrell, PA released Fata to work with "restrictions", but reversed course one week later 10-: as the Physical therapist recommended to place Fata on medical idle 10- for the completion of physical therapy for 4-6 weeks. that

7- Would explain why Fata was re.hired on October 2, 2023 based on the opinion of Mrs. Harrell and not Fata's statement (became idle on 10-3-23).

8- the warden's report is incorrect as Fata had signed for safety glasses only and not for side shields. Fata had given his supervisor a copout on May 31, 2023 requesting side shields but Unicor had none. the August 17, 2023 "OSHA report" confirms this finding. the warden's report was rather prepared by Mr. Broadwater and not the warden and lacks credibility, rebuffed by "OSHA report".

9- Warden failed to address Unicor cover-ups of workplace injuries of other inmates as no single inmate's workplace injury at FCI wil- Unicor had ever led to any inmate to retain his paygrade and receive payments for lost-time wages since the inception of Unicor in October 2020, for Unicor failure to report the injury to safety Dept./OSHA citations.

Farid Fata 2-28-24

Administrative Remedy No. 1173819-A2
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal wherein you allege you suffered a workplace injury to your right shoulder on June 27, 2023. You claim on September 28, 2023, you were released back to work with restrictions; however, a week later on October 3, 2023, physical therapy recommended a work idle for 4-6 weeks. You further allege your parent institution has a history of covering up workplace injuries. You request no specific relief.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the way the Warden and responded to your concerns at the time of your Request for Administrative Remedy. Our succeeding review of your medical record reveals you were evaluated in sick call on June 29, 2023, for complaints of right shoulder pain. During the encounter, you reported aching pain, as 8 of 10 on the pain scale that was exacerbated by movement. There were no redness or deformity observed and you appear to have mobility. Health Services advised you would be taken out of work until cleared by a clinical provider and a Medical Idle was generated for work restriction with an expiration date of June 29, 2024. Additionally, an order for a shoulder x-ray was submitted and completed on June 29, 2023. The x-ray was an unremarkable exam. There was no fracture, malalignment, osseous lesion, or arthritic changes.

On September 28, 2023, you returned to sick call with continued complaints of right shoulder pain. During the encounter, the provider placed you on work restrictions and recommended physical therapy (PT) for evaluation. The work restrictions noted no duty which expired on October 2, 2023, and no reaching over shoulder or lifting more than 15 pounds, which expired on December 31, 2023.

A PT consult was approved, and you were first evaluated on October 3, 2023. On October 4, 2023, PT discussed work restrictions with your clinical provider, recommending no work duty for three months to allow further physical therapy. A medical idle for no work duty expiring on January 4, 2024, was generated and Safety and Unicor were notified. Over the next several weeks, you were seen regularly by PT. On November 8, 2023, you reported to PT your shoulder was slowly getting better. On November 22, 2023, during a chronic care evaluation, you reported right shoulder pain has improved with PT. On December 12, 2023, you reported your right shoulder was much better. However, you reported pain in your hip during the PT session. Over the next two appointments, the left hip was

135

**Administrative Remedy No. 1173819-A2**
**Part B - Response**
**Page 2**

the focus of PT.  On January 9, 2024, you were discharged from PT with no restrictions and given a home exercise program (HEP) for the right shoulder and left hip.  Since then, you have not returned to sick call with complaints of right shoulder pain.

Staff conduct is governed by Program Statement 3420.11, Standards of Employee Conduct, and the Bureau of Prisons takes seriously any allegation of staff misconduct, such as those you raised in this remedy cycle.  We look into matters which may constitute inappropriate conduct and refer them to another component of the Bureau of Prisons for appropriate action.  As you have already been notified, this matter has been forwarded to the appropriate Bureau component for further review.

Considering the foregoing, this response is provided for informational purposes only.


April 16, 2024
Date

Timothy Barnett, Administrator
National Inmate Appeals

136

```
FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,  SC 29590
```

APR 23 2024
Warden
o/c

DATE: 4.29.24
TIME:
SECRETARY:
UNIT MANAGER:

137

FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,  SC 29590

APR 23 2024
Warden
o/c

DATE: 4.29.24
TIME:
SECRETARY:
UNIT MANAGER:

DOC. 33

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: FATA, FARID | | Reg #: 48860-039 |
| Date of Birth: 04/09/1965 | Sex: M   Race: WHITE | Facility: WIL |
| Encounter Date: 07/12/2024 10:37 | Provider: Harrell, Holly (MOUD) PA- | Unit: A04 |

**Reviewed Health Status:** Yes

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT 1          Provider:  Harrell, Holly (MOUD) PA-C

Chief Complaint:   Upper Extremity Pain

Subjective:     He is seen today for a follow up on his right shoulder pain. He states PT helped some, but since April, he has been barely able to move his shoulder.

He also states he thinks he is getting "cellulitis" on his left upper arm again. He has started putting antibiotic cream on it the past couple of days with no improvement.

He denies any urine complaints currently.

Pain:          Yes

Pain Assessment

| | |
|---|---|
| Date: | 07/12/2024 10:55 |
| Location: | Shoulder-Right |
| Quality of Pain: | Aching |
| Pain Scale: | 5 |
| Intervention: | medication; PT |
| Trauma Date/Year: | |
| Injury: | |
| Mechanism: | |
| Onset: | 1 Year |
| Duration: | 1 Year |
| Exacerbating Factors: | movement and use |
| Relieving Factors: | none |
| Reason Not Done: | |
| Comments: | |

**Allergies:**

| Allergy | Reaction | Comments |
|---|---|---|
| Aspirin | Intolerance-other | GI bleed |

Allergies list reviewed/updated for the presence or absence of allergies, sensitivities, and other reactions to drugs, materials, food and environmental factors with the patient on 07/12/2024 10:37 by Harrell, Holly (MOUD) PA-C

**OBJECTIVE:**

Pulse:

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 07/12/2024 | 10:57 WIL | 71 | | | Harrell, Holly (MOUD) PA-C |

**Blood Pressure:**

i40

| Inmate Name: | FATA, FARID | | | | | | Reg #: | 48860-039 |
| Date of Birth: | 04/09/1965 | | | Sex: | M | Race: WHITE | Facility: | WIL |
| Encounter Date: | 07/12/2024 10:37 | | | Provider: | Harrell, Holly (MOUD) PA- | | Unit: | A04 |

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 07/12/2024 | 10:57 WIL | 122/76 | | | | Harrell, Holly (MOUD) PA-C |

## Exam:

### Diagnostics

#### Laboratory

Yes: Results

#### Radiology

Yes: Results

### General

#### Affect

Yes: Pleasant, Cooperative

#### Appearance

Yes: Appears Well, Alert and Oriented x 3

No: Appears Distressed

## Exam Comments

Area of redness on lateral left upper arm; no pustules or drainage; no induration.

## ASSESSMENT:

Impingement syndrome of shoulder, M7540 - Current

Neuralgia and neuritis, unspecified, M792 - Current

Rash and other nonspecific skin eruption, R21 - Current

## PLAN:

### New Consultation Requests:

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|---|---|---|---|---|---|
| Radiology | 10/14/2024 | 10/14/2024 | Routine | No | |

Subtype:

MRI

Reason for Request:

He continues to have pain and limited ROM of right shoulder despite medical management and PT. MRI without contrast of right shoulder will be recommended for further evaluation.

### New Non-Medication Orders:

| Order | Frequency | Duration | Details | Ordered By |
|---|---|---|---|---|
| Urine Dipstick | One Time | | | Harrell, Holly (MOUD) PA-C |

Order Date:    07/12/2024

## Disposition:

Follow-up at Sick Call as Needed

Follow-up at Chronic Care Clinic as Needed

## Other:

Due to failed medical management of his right shoulder, I will recommend an MRI for further follow up and evaluation.

The rash on his upper arm does not appear to be infected at this time. He can follow up on Monday if symptoms worsen.

| Inmate Name: | FATA, FARID | | | | | Reg #: | 48860-039 |
|---|---|---|---|---|---|---|---|
| Date of Birth: | 04/09/1965 | | | | | Facility: | WIL |
| Encounter Date: | 07/12/2024 10:37 | Sex: | M | Race: | WHITE | Unit: | A04 |
| | | Provider: | Harrell, Holly (MOUD) PA- | | | | |

His urinary symptoms are better today that he reports. Repeat UA will be ordered.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 07/12/2024 | Counseling | Compliance - Treatment | Harrell, Holly | Verbalizes Understanding |
| 07/12/2024 | Counseling | Plan of Care | Harrell, Holly | Verbalizes Understanding |
| 07/12/2024 | Counseling | Treatment Goals | Harrell, Holly | Verbalizes Understanding |

Copay Required: No          Cosign Required: No

Telephone/Verbal Order:   No

Completed by Harrell, Holly (MOUD) PA-C on 07/12/2024 11:15

142

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

---------------------------------------------------------------------------------------------------------------

FROM: 48860039
TO: UNICOR
SUBJECT: ***Request to Staff*** FATA, FARID, Reg# 48860039, WIL-A-B
DATE: 07/12/2024 11:30:18 AM

To: Mr. Broadwater
Inmate Work Assignment: IDLE

Mr. Broadwater, (important)

I have seen the medical provider, Mrs. Harrell, on July 12, 2024 because of progressive right shoulder pain.

She requested an MRI of the shoulder. I remain on medical idle as Mrs. Harrell recommended "no work duty"

until further notice.

I remain committed to return to work at Unicor once cleared by medical

Thank you so much

143

Doc. 34

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT (PART I)
DATE: 04/13/2025 05:25:55 PM

CASE No. 2:24-cv-03778-MGL-MGB

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

FARID FATA,
Plaintiff,

v.                                          CASE No. 2:24-cv-03778

United States of America,
FCI Williamsburg-UNICOR
Defendants.
_____/

AFFIDAVIT  OF  FARID  FATA

I, Farid Fata, a federal prisoner housed at FCI Williamsburg, Salters, South Carolina, BOP Reg.

48860-039, declare under penalty of perjury that the following is true and correct to the best of my

knowledge, information and belief.

1 - I am the plaintiff named in the above civil action raised against the United States of America, who

submits his work-related injury claims cognizable under the Inmate Accident,Compensation Act (IACA), to

review the correctness of his compensation of lost-time wages under the Administrative Procedure Act (APA).

2 - I have been employed at FCI Williamsburg-Unicor since March 2021, until I was taken off work detail

by Mr. Broadwater on July 12, 2023 due to my workplace injury. My job description is to perform sewing

Molle operations working at sewing machines from 7:30 am to 3:30 pm Monday through Friday. My main

operation is to attach the top cover and top cover straps (operation 288) to the Molle bags. The second

operation that I was asked to help intermittently as coverage due to the inmate worker unavailability (daily

GED classes and Jomaa on Fridays afternoon) is to attach the spindrift (operation 286) to the Molle bags.

Those operations require pulling on the material by carrying the heavy bags by hand from the bins to the

racks that contain the necessary materials for each operation. At no date and time before June 27, 2023

was I ever assigned to perform both operations 286 and 288 SIMULTANEOUSLY bouncing from one sewing

machine to the other back and forth, absent available help from unicor workers on that date.

3 - JUNE 26, 2023 AND JUNE 27, 2023:

On June 26, 2023, and June 27, 2023, my supervisor asked to perform both operations 286 and 288

SIMULTANEOUSLY bouncing from one machine (operation 286) to the other (operation 288). The inmate who

145

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------------

performs operation 286 was not available. The nature of performing alternating operations simultaneously leading me to carry the bags from the heavy bins to the racks, required me to pull on my shoulder. At the end of performing both operations, I felt pain in my right shoulder. However, I took pain medication (Motrin) and continued to sew. On that day 6-27-2023, I did not know whether my shoulder pain was caused by a shoulder injury from pulling on the material or from lifting heavy bins during the performance of both operations. My medical records do not show pre-existing shoulder injury that preceded the date of the incident. And I was not at fault in performing the assigned operations on those days as I followed instructions.

4 - JUNE 28, 2023:

The next morning, on June 28, 2023, the inmate who usually performs operation 286 attaching the spindrift had an excused absence. There were 6 bundles of Molle bags that required attachment of the spindrift, which is a huge workload for a single worker such as myself.

5 - I was called to the office of my supervisor Mrs. E. Dukes (Foreman) who asked me to get on the sewing machine and perform the spindrift attachment. No other inmate in line 7 was asked to perform the job or asked to help me. My conversation with Mrs. Dukes was witnessed by leadman in line 7 Mr. Darryl Turner who was present in her office at that time. I explained to Mrs. Dukes that I had already been helping the line in performing this operation, but can no longer perform the double work and heavy duty operations 286 and 288, as I have shoulder pain. I refused to execute the order in light of my shoulder pain that occurred during the performance of the assigned double heavy duty operations. This encounter with Mrs. Dukes was also witnessed by inmate Roderick Sanford who was present during the conversation when Mr. Dukes later returned to line 7.

6 - On the same day, 6-28-2023, I was called to the office of Mr. Broadwater who expressed his concern why I took the path refusing to execute Mrs. Dukes order to perform the job. I was singled out, and told Mr. Broadwater that I am not fit physically and from health standpoint to perform this heavy double duty operation in light of my age 58, as I complained of shoulder pain. Mr. Broadwater opted to write a counseling report that I refused to sign as his report contained "false allegations" such as my failure to wear safety glasses, as I wear prescription glasses instead.

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-------------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT - (PART II)
DATE: 04/13/2025 01:02:39 PM

CASE No. 2:24-CV-03778-MGL-MGB

The counseling had no consideration to my health and physical complaint of right shoulder pain nor whether the factory had provided me side shields to my prescription glasses, as none was ever provided to me. Thus, the counseling included false information attached to my Injury Report as presented to the Safety Committee as detailed below.

7- Late during the day on 6-28-2023, my shoulder pain increased in frequency and intensity which required me to report the next morning on 6-29-2023, to medical "sick call" because of progressive right shoulder pain. P.S. I do not have pre-existing right shoulder problems as documented in my medical records.

8- JUNE 29, 2023:

On June 29, 2023, 6:30 am, I reported to medical "sick call" for worsening right shoulder pain increasing in frequency and intensity . I reported that the pain started at work after I performed the assigned double operations simultaneously. I did not know how I injured it whether because of pulling or lifting at work or combined. I was told to continue Motrin. X-rays were obtained on 6-29-2023.

On 7-13-2023, Mrs. Truesdale, RN's false documentation required her to correct her notes as to the mixed documentation of the site of pain: right versus left shoulder. She noted: "inmate complaining of right shoulder pain".

9- On June 29, 2023, at 9:54 am, I was told that I will be out of work (medical idle) until I see a medical provider, for my shoulder condition is not a medical emergency . Medical provider emailed Mr. Broadwater and Mr. Chisolm (Chair of Safety Committee) on 6-29-2023 :

"Again, inmates that complain of severe debilitating pain worsened by their job cannot be allowed to continue in said position".

I never had pre-existing shoulder pain before performing the assigned double operation simultaneously. My shoulder pain was exacerbated by the job as the medical provider noted and occurred while on the clock.

10- On 6-29-2023, after completion of my sick call, I returned to my supervisor Mrs. Dukes and gave her the medical idle order but she denied knowledge of my shoulder pain/injury as I reported to her on June 28, 2023.

11 - My communications with my supervisor Mrs. Dukes in line 7 on 6-28-2023, were witnessed by my coworker Mr. Roderick Sanford who was present when Mrs. Dukes returned to line 7, and he was interviewed by Mr. Broadwater on 6-28-2023 after I had expressed my pain and physical inability to do the job. This

147

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-------------------------------------------------------------------------------

event was also witnessed by line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes' office when she called me to her office. Mr. Turner had witnessed my conversation with Mrs. Dukes at that time. Mr. Turner produced an affidavit that rebuts the false account of Mrs. Dukes who denied that Fata had notified her of his pain and that rebuts Mrs. Dukes and Mr. Broadwater's denial and rejection whether I reported my shoulder pain to them. Further, I took it upon myself to report to Safety Department who then acted by contacting Mr. Broadwater and pressed him to generate a BP-140 Injury Report.

12- On 6-30-2023, I submitted a copout to Mrs. Dukes asking her to report my injury to "Safety Department" and complete the "Injury Report" BP-140 as required by OSHA . Not surprisingly, Mrs. Dukes refused to take my copout and asked me to remove her name and keep Mr. Broadwater's name on the copout only: she stated that she does not deal with work-related injuries.

13- Because of Mrs. Dukes refusal, I reported to safety department again and reported my injury that occurred while on the job, and while I was on the clock. I gave Mr. Chisolm a copy of the June 29, 2023 and June 30, 2023 copouts. I also emailed safety department of my interaction with my supervisor. Accordingly, Mr. Chisolm pressed Mr. Broadwater on 6-30-2023 to generate the inmate "Injury Report" BP-A0140 (Part 1, Injury Report).

14- On July 7, 2023, I continued to complain of right shoulder pain and emailed medical provider to be seen ASAP. I was told to look for callout as my shoulder condition is not an emergency requiring hospitalization.

15- On 7-12-2023, I was called to Mr. Broadwater's office to complete the BP-140 "Injury Report". Mr. Broadwater conceded that my right shoulder pain/injury was work-related as he noted in the report, Part 1.

16- The BP-140 Injury Report shows that Mr. Broadwater took me off work detail after I signed the report on day 14 after the injury. Mr. Broadwater violated the required 30-day timeframe on medical idle work related injury per FPI Policy Statement P8120.03 . He told me: "You are not able to work here being idle, you will have to re-apply after you are cleared by medical".

17- Mrs. Dukes and Mr. Broadwater denied that I reported an injury at any time, even during the counseling session , but they did not deny that my injury is workplace injury as Mr. Broadwater noted in the "Injury Report". Mr. Broadwater kept question 13 of "witnessing inmates to injury" unanswered and omitted the testimony of inmate Roderick Sanford whom he interviewed on 6-28-2023 as Mr. Sanford witnessed my communications with my supervisor on that day, and the workplace injury. Mr. Broadwater and Mrs. Dukes

148

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------

have also omitted the testimony of line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes office on 6-28-2023 when she called me to her office. Mr. Turner had witnessed the conversation between me and Mrs. E. Dukes as I did indeed notify her that I stopped working / sewing because of my shoulder pain.

18- When I reported my shoulder pain to my supervisor on 6-28-2023, I did not know whether I was injured from pulling on the fabric or from lifting the heavy material from the bins. The BP-140 Injury Report shows that when I continued attaching the spindrift on 6-27-2023, my shoulder pain became more intense causing me to take Motrin which was the reason why I rejected Mrs. Dukes' order to continue performing the heavy duty double-operation assignment on 6-28-2023.

19- On 7-31-2023, my right shoulder pain and mobility worsened despite taking Ibuprofen plus Tylenol. I notified medical as I have not seen a medical provider yet.

20- On 8-4-2023, I was approached by two inmates employed at Unicor who stated that Mr. Broadwater is working with Safety Department to "block" my Injury Report under the Inmate Accident Compensation Act (IACA). Mr. Broadwater has shared my workplace injury at Unicor with those two inmates in open discussions held in his office . I emailed my complaint to Mr. Broadwater and to Mr. Chisolm and Mr. Watson (Associate Warden).

21- On 8-11-2023, I sent an electronic copout to Mr. Broadwater asking him to refrain from sharing my physical injury with other inmates at Unicor as one additional inmate came to me stating that Mr. Broadwater will block my Injury Report filed with the Safety Department and Safety Committee. I again notified Mr. Chisolm of this event during mainline for fear of retaliation from Mr. Broadwater.

22- Fearing for my safety from Unicor's retaliation, I filed a complaint to the Occupational Safety and Health Administration (OSHA) sent on August 1, 2023. I alleged three counts .

23- COUNT ONE: Unicor's concealment of inmates' workplace injury and violation of Section 11(c)(1) of the OSH Act or 29 U.S.C. 660(c).

24- COUNT TWO: Unicor's Failure to provide me safety side shields for my prescription glasses and safety finger shields as required by the manufacturer package for Brother company . I have signed for or received safety glasses, but did not receive side shields.

25- COUNT THREE: Violation of the Inmate Accident Compensation Act and BOP P8120.03, absent PPE.

26- On 8-7-2023, I received the response to my BP-8; Informal Resolution of my grievance filed on 7-2-2023 against Unicor . Mr. Broadwater failed to answer my complaint or provide remedy.

27- On 8-8-2023, I filed a BP-229 that alleged 6 counts. The warden has not answered my BP-229.

149

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------------------------------

28- End of August 2023, I was called to Mr. Chisolm's office to resolve or settle this matter. My response was clear: "follow the LAW" under the IACA. I re-iterated my intent to go back to work at Unicor after I am medically cleared. I have not yet been seen by a medical provider as of the date of the meeting.

29- Mr. Chisolm told me that the warden is reaching out to Mr. Ben Hall (Unicor's operations manager) to resolve this matter under the IACA.

30- On August 17, 2023, I received the investigative OSHA report signed by Mr. R.S. Dunbar (warden) sent to OSHA to answer OSHA Complaint No. 2066626 where the review of eye protection inventories revealed supplies were low/absent . The OSHA Report supports my Complaint and BP-229 as Mr. Broadwater lied on his Counseling Report and BP-140 where he falsely accused me of not wearing my safety glasses but I wear prescription glasses instead and was never provided side shields when I requested them from my supervisor at Unicor in May 2023 as Unicor did not have any.

31- The August 17, 2023, OSHA report also confirms that when my supervisor assigned me the double operation 286 and 288, my sewing machine was not equipped with the proper guarding as I noted in my Complaint to OSHA . The safety finger guards were missing in my sewing machine, and my supervisor Mrs. Dukes failed to instruct mechanics to place the finger guards into the proper position as required by the manufacturer - Brother company, and failed to provide me side shields.

32- When OSHA initiated its investigation of my Complaint, the OSHA safety officer at FCI Williamsburg, Mr. Brughman, issued a report detailing Unicor's violations that under BOP P.S. 1600.14 the Safety Department is required to report to the Safety Committee. Intead, the warden's report sent to OSHA on 8-17-2023, altered Mr. Brughman's original report related to unicor's OSHA violations.

33- I have filed a BP-8 against the warden's office in regard to the alteration of FCI Williamsburg's inspection report in response to the OSHA Complaint. The warden failed to respond to my BP-8 and recommended filing a BP-10. I filed a BP-11, but Region and Central Office failed to respond.

34- On September 21, 2023, I was called to meet with Mr. Broadwater, and Mr. Ben Hall. Mr. Chisolm was present at the meeting. Mr. Ben Hall conceded to pay my his lost-time wages from 6-28-2023 to date of return to work. In fact, I received a wage for the month of September 2023. During the meeting, Mr. Broadwater asked me to withdraw my BP-229, but I refused until my lost time wages are paid.

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT (PART III)
DATE: 04/13/2025 08:22:45 PM

CASE No. 2:24-CV-03778-MGL-MGB

under the IACA pending the Safety Committee determination. I told Mr. Ben Hall that I am planning to return to work at Unicor pending medical evaluation and clearance.

35 - On 9-28-2023, I had a clinical encounter with the BOP medical provider for the first time since after my medical sick call on 6-29-2023. The provider diagnosed me with impingement syndrome of my right shoulder and recommended that I return to work with restriction.

36- Based on the medical provider's evaluation on 9-28-2023 , I was rehired at Unicor on 10-2-2023, after Mr. Broadwater discussed my condition with medical provider on 9-29-2023 .

37- On October 3, 2023, medical provider Mrs. Harrell, PA, discussed my work restrictions with physical therapist (PT) who recommended to reinstate my medical idle on October 4, 2023 for 3 months to allow further PT: Mrs. Harrell has also notified safety department and unicor. Those findings rebut the warden's response to my BP-229 ( Admin. Remedy Case # 1173819-F1).

38- At the request of Mr. Chisolm, I met with him and Mr. Broadwater in Safety Department on October 5, 2023. During the meeting, Mr. Chisolm pressed Mr. Broadwater to pay my lost-time wages from the date of injury, as Mr. Chisolm's position is that this matter has already been agreed upon with Mr. Ben Hall during the September 21, 2023 meeting.

39- On October 10, 2023, I met with Mr. Broadwater who held a telephone conference with Mr. Ben Hall. Both parties agreed that I have been paid my lost-time wage for the month of September 2023. Mr. Ben Hall added and told me: "we owe you the wages of July 2023 and August 2023, and one day of October 2, 2023". As to October 2023 and November 2023, Mr. Ben Hall stated that he would wait on the Safety Committee report for further payments / determination.

40- On October 16, 2023, Mr. Chisolm called me to his office and notified me that the Safety Committee determined that my injury is not work related. In his report, Mr. Chisolm dated on August 7, 2023, that I should be counseled to report my injury to my supervisor, though Unicor supervisors have long been denying notification of inmates' claims of workplace injuries and I did report my pain to my supervisor as witnessed by inmate Roderick Sanford who was interviewed by Mr. Broadwater on 6-28-2023 (date of my injury), and witnessed by line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes office when she called me to

151

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------------------------

her office on 6-28-2023. Mr. Turner has witnessed me reporting my shoulder pain to Mrs. Dukes as being the reason why I stopped the assigned work.

When asked whether he submitted all the evidence including all my emails with Unicor and Safety and my copouts reporting my pain or injury to my supervisor, plus the affidavit of Roderick Sanford who witnessed my communications with Mrs. Dukes in line 7 on 6-28-2023, to the Safety Committee, Mr. Chisolm acquiesced. Mr. Chisolm was aware that my injury occurred while on the job and on the clock, and could not comment on his report's conflicting recommendation to retrain me on the operating procedure of the equipment if my injury is determined as "not work related".

Mr. Chisolm had no answer as I was at "no fault" in performing the assigned operation and I followed instructions. The Safety Committee kept Part 2, Question 4, "blanc", and its decision is flatly contradicted by the evidence plus testimony that I did notify my supervisor of the shoulder pain on 6-28-2023. And its decision is otherwise implausible as relied on false information.

41- On October 19, 2023, I filed a grievance BP-8 asking Mr. Chisolm as chair of the Safety Committee to explain the 180 degree change and to provide a copy of the Committee's decision because it contradicts the evidence and testimony that was omitted in my BP-140 Injury Report as substantiated by the OSHA Report and my copouts and emails to Unicor staff and Safety Department plus affidavits and administrative remedies that demonstrate Unicor's concessions paying my lost-time wages.

42- On October 30, 2023, Mr. Chisolm responded to my BP-8 but did not complete the Safety Committee's review Comments kept "blanc" on page 2, Question 4 of my BP-140 Injury Report. 28 C.F.R. 301.105(b). He told me that he will call for me to receive a completed copy but he never did. I am respectfully asking this Honorable Court to engage in discovery to review the Safety Committee meeting's "minutes" and any "documentary evidence" considered by the Committee. Discovery should include the emails between Mr. Chisolm and Mr. Broadwater related to Fata's workplace injury. Such evidence as well as Fata's copouts and emails have been omitted in my BP-140 Injury Report and from the Safety Committee's review on October 12, 2023, essential to the conclusion of this case. Accordingly, I filed a BP-229 to the warden. A BP-10 and BP-11 followed.

43- On October 24, 2023, I received the warden's response to my BP-229 filed against unicor in August 2023; Administrative Remedy Case # 1173819-F1; The response came [immediately] after the Safety Committee determined that my injury is not work-related. The response conceded that I was paid lost time wage for September 2023. For the evidence and the record and OSHA report belie the warden's

15 2

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

----------------------------------------------------------------------------------------------------

response and contradict the Safety Committee's decision that relied on false information, simply because the response was not prepared by him: For I never met with Mr. Ben Hall in the [warden's office] on September 21, 2023 according to the warden's response. During mainline, when asked whether the BP-229 response was his, the warden told me that it was prepared by Mr. Broadwater instead. Thus, I filed a BP-8 against the warden as he and the Chair of the Safety Committee were aware of the OSHA Report and Fata's copouts to Unicor that were omitted in the BP-140 Injury Report, and thus, corruptly deviated the decision-making of the Safety Committee.

44- On November 2, 2023, I had medical follow-up with the provider stated continued improvement in Fata's shoulder injury while continuing physical therapy. I updated Mr. Broadwater of my clinical encounter as I was on track to be cleared to return to work at unicor by January 4, 2024, after completing physical therapy .

45- On 1-21-2024, still on medical idle status, I re-iterated my interest to return to work at unicor once the medical provider gives me clearance. I asked the head of Unicor's Quality Assurance department to be considered for a different job once I am medically-cleared to return to work .

46 - On May 11, 2024, still idle, I reported to medical my recurrent right shoulder pain that was progressive with mobility restrictions since the end of April 2024 as the recurrence of my "right shoulder pain" from the injury warranted the medical provider to order an MRI of my right shoulder on 7-12-2024.

47 - On July 12, 2024, I notified Mr. Broadwater of my clinical encounter with the Bureau provider as I remained medical idle with my intent to return to work after medical clearance.

48 - Mr. Sanford and Mr. Darryl Turner were the two witnesses to Fata's injury and to the fact that Fata had notified his supervisor at Unicor. Both Unicor workers had signed affidavits under penalty of perjury.(Doc.6), Mr. Broadwater had omitted any witness of Fata's workplace injury on Page 1, Question 13 of the BP-140 Injury Report. On March 21, 2025, Mr. Broadwater called Mr. Roderick Sanford to his office at Unicor. He interrogated Mr. Sanford and wanted him to state that there was no pulling involved in attaching the top cover. Mr. Sanford told him that there is pulling involved in lifting the Molle bags from the bins to the racks. But when Mr. Sanfod went back on March 24, 2025 to explain what happened on the date of Mr. Fata's injury on June 28, 2023 that Mr. Fata was assigned multiple operations that cause pulling on the material, Mr. Broadwater refused to hear it.

Accordingly, the Safety Committee relied on incomplete and false information that corruptly deviated its

153

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

decision making and deemed my work related injury as "not work related". Mr. Roderick Sanford and

Mr. Darryl Turner had both provided an affidavit of those facts, signed under penalty of perjury.

49 - WHEREFORE, I respectfully ask for engagement in Discovery to request the electronic communications

between safety department and Unicor (Mr. Broadwater) related to my workplace injury, as well as the

the Safety Committee minutes meeting on October 12, 2023: such discovery is essential under BOP P.S.

1600.14. I also request judgment against defendants, and recovery for lost-time wages from June 29, 2023

to present under the IACA and APA, as I remain on medical idle due to my work-related right shoulder injury,

plus legal fees to file this action in district court in pauper status, and punitive damages as the Court deems

proper.

50 - Signed on the _15th_ day of April 2025, under penalty of perjury. 28 U.S.C. 1746

Respectfully Submitted,

Farid Fata     *Farid Fata*     *April 15, 2025*
#48860-039
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

154

Doc. 29

U.S. Department Of Justice

Federal Bureau of Prisons

## Request For Administrative Remedy

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **FATA, FARID**    **48860-039**    **1BL**    **FCI WIL, SC**

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**     8-8-23

Pursuant to Rejection Notice of my BP-229 dated 8-29-23, received on 9-5-23, and as discussed with warden and Mr. Chisolm during mainline:

1- Mr. Broadwater must comply with the Law and BOP P8120.03 (18USC4126(c)) for payment of lost-time wages (Grade 2 Pay) → Fata's Grade Pay April 2023

2- Mr. Broadwater must reinstitate Fata on work-detail as Fata was terminal Based on his work related injury, to comply with OSH Act Section 11(c).

3- Provide Fata safety "side shields" for his prescription glasses per OSH Act.

4- Refrain to share Fata's injury with other inmates as retaliation strategy

5- Report Fata's injury to OSHA under the Law.

*Farid Fata*

9-5-23

    DATE                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 RECEIVED SEP 19 2023

 RECEIVED OCT 05 2023

      DATE                       WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE         CASE NUMBER: **1173819-F1**

**Part C - RECEIPT**                  CASE NUMBER: **1173819-F1**

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

      DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

APRIL 1982

FPI-PEPR        PRINTED ON RECYCLED PAPER

115

U.S. Department Of Justice

Federal Bureau of Prisons

# Request For Administrative Remedy

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: FATA    FARID    4 8860-039    1 BL    FCIWIL, SC

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST**

1- Mr. Broadwater violated Section 11(c) of OSH Act and Unicor Policy P8120.0. by removing Fata from work detail based on his work related injury while on the job (see BP-140) before determination by Safety Committee.

2- Mr. Broadwater violated the "Inmate Accident Compensation Act", 18 USC 4126 (c) (4), and the Inmate Accident Compensation at FPI, Inc. Under 28 CFR Part 301, Paragraph 301·203, Payment of Lost-Time Wages, Subpart B, to compensate Fata his lost time wages. Fata sent Him copouts to comply with P8120.03, but he failed to do so.

8 - 8 - 2023

DATE

*Farid Fata*

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

---

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR

PRINTED ON RECYCLED PAPER

BP-229(13)

APRIL 1982

116

REQUEST FOR ADMINISTRATIVE REMEDY
Part B - Response

**Admin. Remedy Case #:1173819-F1**

This is in response to your Request for Administrative Remedy, dated September 05, 2023, in which you stated that "staff must comply with the law and BOP P8120.03 18 U.S.C. 4126 (c) for payment of lost of wages (grade 2 pay) April 2023, staff must reinstate inmate Fata on work-detail as Fata was terminate based on his work related injury, to comply with OSH Act section 11(c), and staff must provide safety "side Shields" for his prescription glasses per OSHA Act".

Program Statement P8120.03, Work Programs for Inmates of 18 U.S.C.§§ 345.67(c)(3), dated February 23, 2017, pages 37, states **If an inmate is absent because of a FPI work-related injury where the inmate was not at fault, the inmate retains his or her pay grade, with actual pay suspended.** Inmate Fata, Farid 48860-039 injury was not work-related therefore he is not eligible for lost wages. Fata claim he is a pay grade 2. The Operations Manager and I had a town hall at the end of March 2023 to inform the inmates working on the MOLLE production line that their pay was being reduced to grade 4 due to a change in pay status. During a meeting held in late September 2023, the Operations Manager B. Hall authorized payment for September 2023 at grade 4 pay if inmate Fata was medically cleared to return to work.  To date, Inmate Fata has received payment for lost for wages for the month of September 2023.

Program Statement P8120.03, Work programs for Inmates of 18 U.S.C.§§ 345.65 (19), dated February 23, 2017, pages 34, **65 Inmate medical work limitation. In addition to any prior illnesses or injuries, medical limitations also include any illness or injury sustained by an inmate which necessitates removing the ill worker from an FPI work assignment. If an inmate worker is injured more than once in a comparatively short time, and the circumstances of the injury suggest an awkwardness or ineptitude which in turn indicates that further danger exists, the inmate may be removed to another FPI detail or to a non-FPI detail.** Inmate Fata was removed from the work detail due to an email received on June 29, 2023, from FCI Williamsburg Medical department which states:  "Inmates that complain of severe debilitating pain worsened by their job cannot be allowed to continue in said position. Additionally, Inmate Fata was counseled by his direct supervisor Fabric Worker Supervisor E. Dukes that he would be able to return to UNICOR once he was medically cleared.  On September 21, 2023, during a meeting with Operations Manager B. Hall, and  Factory Manager C. Broadwater,

117

Request for Administrative Remedy
Part B - Response
ADMIN REMEDY 1173819-F1
Page 2

inmate Fata stated he was in good health and would be able to return to work immediately, however when inmate Fata reported to medical, he stated he was still having medical issues. Inmate Fata has another medical idle for 4 - 5 weeks. It has been explained to inmate Fata if he exceeds 30 days, he could be removed from UNICOR per policy. Due to Inmate Fata's false statement that he was healthy enough to return to work immediately, inmate Fata was rehired on October 2, 2023. Inmate Fata is currently assigned to Unicor but his medical idle was reinstated on October 3, 2023.

Inmate Fata was issued safety glasses and side shields in February 2023. The attachment will show where inmate Fata signed for safety glasses and stated "yes" he received side shields. Staff conducted a town hall to ask the inmates if they needed safety glasses or side shields. In May 2023 inmate Fata never approached me or his immediate supervisor to state that he needed side shields.

Additionally, you claim that staff must refrain from sharing Fata's injury with other inmates as retaliation strategy, and that staff must report Fata's injury to OSHA under the law.

Program Statement 3420.11, Standards of Employee Conduct page 6, section 5, specifies, **PERSONAL CONDUCT**, "Employees are expected to conduct themselves in a manner that contributes to the orderly running of Bureau facilities. Some types of behavior cannot be tolerated in the Bureau." The Bureau of Prisons takes allegations of possible staff retaliation towards inmates seriously and are thoroughly reviewed. A review into your complaint will be conducted; however, you will not be informed of the outcome of the review.

Therefore, based on the above, your Request for Administrative request was partially granted: Inmate Fata was paid for the month of September 2023. Inmate Fata was issued side shields on February 16, 2023. Inmate Fata was rehired on October 2, 2023, but he returned to medical idle on October 3, 2023.

If you are not satisfied with this decision, you may appeal to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia, 30331-6226. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

M. Graham, Warden

10/23/2023
Date

118

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: FATA   FARID                 488860039        1BL      FCI WIL, SC.
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

the Warden failed to answer Fata's complaint to Provide the "Minutes" of safety committee jm October 12, 2023, under BOP Program Statement 1600.11

- Warden failed to Provide the Original OSHA Report generated by Mr. Broughman's (safety Dept. officer) toward Unicor's Inspect/Violation

~~Warden failed to answer~~ whether safety committee chair (Mr. chisolm) Presented Fata's evidence to Safety Committee - Mr. chisolm determination in Injury Report is *false* incorrect as to reporting to Unicor's superivor as requirement, not required under P 1600.11

12-21-23          4- last two gesyndenticd             Farid Fata
    DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
    DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: _1183024 R1_

**Part C - RECEIPT**
                                                 CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
    DATE                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR          PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                              JUNE 2002

119

U.S. Department of Justice                                    Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attach-
ments must be submitted with this appeal.

From: FATA   FARID          4 8860-039    1 BL    FCI WIL
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT         INSTITUTION

Part A - REASON FOR APPEAL

1 – The Warden and Regional Director failed to answer Fata's Complaint to Provide
the "Minutes" of Safety Committee on October 12, 2023 under BOP P 1600.1
2 – Warden and Regional Director failed to Provide the "Original" OSHA Report from
Safety Dept. officer Mr. Broughman's showing Unicor's OSHA violations –
3 – Fata is requesting his lost time Wages from 6-29-23 to 8-31-23 and from
10-1-23 to Present as he continue to be "Medical Idle".
4 – Mr. Chisolm (safety Dept.) determination in Fata's Injury Report that
Fata should have reported to his Unicor Supervisor is NOT required
Under P 1600.11.

2-28-24                                              Farid Fata
   DATE                                              SIGNATURE OF REQUESTER

Part B - RESPONSE


DATE                                                 GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: _____

Part C - RECEIPT                                     CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT        INSTITUTION

SUBJECT:_____


DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 29, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

JAN 2 2 2024
warden off

TO  : FARID FATA, 48860-039
      WILLIAMSBURG FCI    UNT: 3 GP    QTR: A04-220L
      P.O. BOX 220
      SALTERS,  SC 29590

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1173819-R1      REGIONAL APPEAL
DATE RECEIVED   : NOVEMBER 28, 2023
SUBJECT 1       : INSTITUTION WORK ASSIGNMENT - OTHER
SUBJECT 2       : UNICOR - GRADE, PAY, PROMOTION, BENEFITS
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

121

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __FATA , FARID__     __48860-039__     __1BL__     __FCI WIL__
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

1 - The Warden's "investigative report" sent to OSHA dated on August 17, 2023, Complaint No. 2066626, has altered the original OSHA safety officer Mr. Brughman's report that shows the numerous Unicor's violations (OSHA violations).

2 - the Warden's response to Fata's BP-229, Admin Remedy case # 1173819-F1 fabricates evidence as the Warden falsely claimed that he and the Operations Manager had a Townhall (Warden was absent) at the end of March 2023 To inform the inmates working on the Molle production line that their pay was being reduced to grade 3 - the Warden signed on Fata's BP140 Injury Report's Safety Committee and gave no reasons to justify why Fata's injury is not work related, in defiance to BP1600, & Program statement that mandates taking "minutes", after he reversed course and had asked Unicor's Operations Manager Mr. B. Hall to Pay Fata's Lost Wages for Workplace injury that occurred while on the clock.

__11-16-2023__        _Farid Fata_
DATE                                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

Regional Counsel
Southeast Regional Office

_____            _____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __1173819-R1__

**Part C - RECEIPT**

                                                CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____                   _____
DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR          PRINTED ON RECYCLED PAPER                            BP-230(13)
                         122                                    JUNE 2002

123

DOC. 30

123

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. Broadwater | DATE: 11-2-2023 |
|---|---|
| FROM: Farid Fata | REGISTER NO.: 48860-039 |
| WORK ASSIGNMENT: Medical Idle | UNIT: 1 BL |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Mr. Broadwater (Factory Manager)

On November 2, 2023, I had a medical follow-up with Mrs. Harrell (PA who stated continued improvement in my shoulder injury, being on track to be cleared to return to work by January 4, 2024, after finishing Physical therapy.

thank you for your understanding.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate

PDF                         Prescribed by P5511

This form replaces BP-148.070 dated Oct. 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder          **SECTION 6**

124

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------------------------

FROM: 48860039
TO: UNICOR
SUBJECT: ***Request to Staff*** FATA, FARID, Reg# 48860039, WIL-A-B
DATE: 11/02/2023 09:26:56 AM

To: Mr. Broadwater
Inmate Work Assignment: MEDICAL IDLE

Mr. Broadwater,

On November 2, 2023, I had a medical follow-up with Mrs. Harrell, PA, who stated a continued improvement in my

shoulder injury, and recommended to continue physical therapy. I want to reiterate that I am on track to be cleared .

to return to work at Unicor by January 4, 2024.

Thank you for your understanding

125

Doc. 31

126

*Inmate received 02/27/24*
*H. Nd / K. Bush*
*Unit Unit Manager*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 16, 2024

FROM: ADMINISTRATIVE REMEDY COORDINATOR
SOUTHEAST REGIONAL OFFICE

FEB 26 2024

TO  : FARID FATA, 48860-039
     WILLIAMSBURG FCI    UNT: 3 GP    QTR: A04-221L
     P.O. BOX 220
     SALTERS,  SC 29590


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1173819-R3       REGIONAL APPEAL
DATE RECEIVED   : JANUARY 29, 2024
SUBJECT 1       : INSTITUTION WORK ASSIGNMENT - OTHER
SUBJECT 2       : UNICOR - GRADE, PAY, PROMOTION, BENEFITS
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : THIS APPEAL HAS BEEN ACCEPTED AT THE REGIONAL LEVEL
                  UNDER ADMIN REMEDY 1173819-R2

127

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __FATA     FARID__     __48860-039__     __IBL__     __FCI WIL__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

Per the Warden's office (Mrs. Scott), and as noted and signed by Unit Manager on my BP-8, Mr. J. Hunter, I was instructed to proceed directly to a BP-10, the Warden will **not** respond. i.e. no BP-9 is present. Feel free to contact the Warden's office to verify.

__1-22-24__
DATE

__Farid Fata__
SIGNATURE OF REQUESTER

RECEIVED

JAN 2 9 2024

Regional Counsel
Southeast Regional Office

**Part B - RESPONSE**

_____     _____
DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE         CASE NUMBER: __1173819-R3__

**Part C - RECEIPT**

                                 CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

128

Regional Administrative Remedy Appeal No.: 1173819-R2
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted on
October 24, 2023. You are appealing the Warden's response to your administrative request
wherein your claim UNICOR work related injury.

Warden Graham's response has adequately addressed your allegations.

Accordingly, your Regional Administrative Remedy Appeal is for Informational Purposes Only.
If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of
Prisons, and 320 First Street, NW, Washington, D.C. 20534.  Your appeal must be received in
the Office of General Counsel within 30 calendar days of the date of this response.


_5/22/24_
Date

_Regional Director, SERO_

129

FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,   SC 29590



JUL 02 2024

DATE: 7-3-24
TIME:
SECRETARY:
UNIT MANAGER:

130

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _**FATA FARID**_    _**48860-039**_    _**1 BL**_    _**FCI - Wil**_
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

1- Fata Was not at fault and his right shoulder work place injury occurred during performing double sewing operation on 6-27-2023. Fata had notified his supervisor Mrs. Dukes on 6-28-23 of his shoulder pain and could not perform the Job when she asked him to continue sewing on 6-28-23. Mr. Chisolm (safety) received an affidavit of Inmate Roderick Sanford who witnessed Fata telling his supervisor on 6-28-23 of him developing right shoulder pain when he developed the double operation.

2- Warden's response failed to answer that supervisor Dukes refused to take Fata's copout of the shoulder injury and asked to remove her mame and Keep Mr. Broadwater instead. Copy of copout was given to safety Comittee

_10-25-2023_ (Mr. Chisolm). → (see attachment).     _Farid Fata_
      DATE                 SIGNATURE OF REQUESTER

**Part B - RESPONSE**



RECEIVED

OCT 24 2023

Regional Counsel
Southeast Regional Office

_____       _____
      DATE                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _**1173819-R1**_

**Part C - RECEIPT**

                                             CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____       _____
      DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR         PRINTED ON RECYCLED PAPER                         BP-230(13)
                                                             JUNE 2002

BP-10 (BP-230)    ATTACHMENT

3 - Fata was grade 2 pay when the town hall meeting Mr. Broadwater held in March 2023 with the Holle inmates re. reduction of their pay to Grade 4. though this is NOT Fata's concern or main complaint.

4 - Assuming Fata's work place injury is not work related, How come Mr. Brodwater (manager) and B. Hall (Regional operation) did conceed to pay Fata for lost-time wages for september 2023?

5 - Further, How come both Mr. Broadwater in a meeting with Fata, Teleconferencing with Ben Hall on Tuesday Oct 10, 2023 conceed to pay Fata time lost wages for the months of July 2023 and August 2023, to reverse course one week later as the safety committee report 10-12-23, stated that Fata's injury is not work related, based on conflicting facts.

6 - Fata never told B. Hall and C. Broadwater on sept. 21, 2023 that he would be able to return to work immediately simply because he has not seen a medical provider yet after/since after he reported to "sick call" on 6-29-2023. Indeed, on Sept. 28, 2023, Mrs. Harrell, PA released Fata to work with "restrictions", but reversed course one week later 10-3-2 as the Physical therapist recommended to place Fata as medical idle 10-4-2 for the completion of physical therapy for 4-6 weeks. that

7 - would explain why Fata was rehired on October 2, 2023 based on the opinion of Mrs. Harrell and not Fata's statement (became idle on 10-3-23).

8 - the warden's report is incorrect as Fata had signed for safety glasses only and not for side shields. Fata had given his supervisor a copout on May 31, 2023, requesting side shields but Unicor had none. the August 2023 "OSHA report" confirms this findings. the warden's report was rather prepared by Mr. Broadwater and not the warden and lacks credibility, rebutted by "OSHA report".

9 - Warden failed to address Unicor cover-ups of work place injuries of other inmates as no single inmate's work place injury at FCI wil-Unicor had ever led to any inmate to retain his pay grade and receive payments for lost-time wages since the inception of Unicor in October 2020, for Unicor failure to report the injury to safety Dept./OSHA citations.    Farid Fata    10-25-2023

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __FATA    FARID__    __48860-039__    __1BL__    __FCI WIL__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

1 — Fata was not at fault and his right shoulder work place injury occurr during performing double sewing operation on 6-27- 2023. Fata had notified his supervisor Mrs. Dukes on 6-28-23 of his shoulder pain and coul not perform the Job when she asked him to continue sewing on 6-28-23. Mr. Chisolm (safety) received an affidavit of Roderick Sanford who witnessed Fata telling his supervisor on 6-28-23 of him developing right shoulder pain when he developed the double operation -

2 — Warden's response failed to answer that Supervisor Dukes refused To Take Fata's copout of the shoulder injury and asked to remove her name, and keep Mr. Broadwater instead. Copy of copout was given to "Safety Committee".

__2-28-24__    →(see attachment)    __Farid Fata__
    DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAR 0 8 2024

Administrative Remedies
Federal Bureau of Prisons

_____    GENERAL COUNSEL
    DATE    CASE NUMBER: __1173819-A__

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:_____

_____    133    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
    DATE

BP-231(13)

ATTACHMENT (on 2-28-24)

3- Fata was grade 2 pay when the town hall meeting Mr. Broadwater held in March 2023 with the Holle inmates re. reduction of their pay to Grade 4. though this is NOT Fata's concern or main complaint.

4- Assuming Fata's workplace injury is not work related, How come Mr. Brodwater (manager) and B. Hall (Regional operation) did conceed to pay Fata for lost-time wages for september 2023?

5- Further, How come both Mr. Broadwater in a meeting with Fata, Teleconferencing with Ben Hall on Tuesday Oct 10, 2023 conceede to pay Fata time lost wages for the months of July 2023 and August 202: to reverse course one week later as the Safety Committee report 10-12. stated that Fata's injury is not work related, based on conflicting fac

6- Fata never told B. Hall and C. Broadwater on Sept. 21, 2023 that he would be able to return to work immediately simply because he has not seen a medical provider yet after/since after he reported to "sick call" on 6-29-2023. Indeed, on Sept. 28, 2023, Mrs. Harrell, PA released Fata to work with "restrictions", but reversed course one week later 10-: as the Physical therapist recommended to place Fata on medical idle 10- for the completion of physical therapy for 4-6 weeks - that

7- would explain why Fata was re.hired on October 2, 2023 based on the opinion of Mrs. Harrell and not Fata's statement (became idle on 10-3-23).

8- the warden's report is incorrect as Fata had signed for safety glasses only and not for side shields. Fata had given his supervisor a copout on May 31, 2023 requesting side shields but Unicor had none. the August 17, 2023 "OSHA report" confirms this finding. the warden's report was rather prepared by Mr. Broadwater and not the warden and lacks credibility, rebutted by "OSHA report".

9- Warden failed to address Unicor cover-ups of workplace injuries of other inmates as no single inmate's workplace injury at FCI wil - Unicor had ever led to any inmate to retain his paygrade and receive payments for lost-time wages since the inception of Unicor in October 2020, for Unicor failure to report the injury to safety Dept./OSHA citations.

Farid Fata 2-28-24

Administrative Remedy No. 1173819-A2
Part B — Response


This is in response to your Central Office Administrative Remedy Appeal wherein you allege you suffered a workplace injury to your right shoulder on June 27, 2023. You claim on September 28, 2023, you were released back to work with restrictions; however, a week later on October 3, 2023, physical therapy recommended a work idle for 4-6 weeks. You further allege your parent institution has a history of covering up workplace injuries. You request no specific relief.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the way the Warden and responded to your concerns at the time of your Request for Administrative Remedy. Our succeeding review of your medical record reveals you were evaluated in sick call on June 29, 2023, for complaints of right shoulder pain. During the encounter, you reported aching pain, as 8 of 10 on the pain scale that was exacerbated by movement. There were no redness or deformity observed and you appear to have mobility. Health Services advised you would be taken out of work until cleared by a clinical provider and a Medical Idle was generated for work restriction with an expiration date of June 29, 2024. Additionally, an order for a shoulder x-ray was submitted and completed on June 29, 2023. The x-ray was an unremarkable exam. There was no fracture, malalignment, osseous lesion, or arthritic changes.

On September 28, 2023, you returned to sick call with continued complaints of right shoulder pain. During the encounter, the provider placed you on work restrictions and recommended physical therapy (PT) for evaluation. The work restrictions noted no duty which expired on October 2, 2023, and no reaching over shoulder or lifting more than 15 pounds, which expired on December 31, 2023.

A PT consult was approved, and you were first evaluated on October 3, 2023. On October 4, 2023, PT discussed work restrictions with your clinical provider, recommending no work duty for three months to allow further physical therapy. A medical idle for no work duty expiring on January 4, 2024, was generated and Safety and Unicor were notified. Over the next several weeks, you were seen regularly by PT. On November 8, 2023, you reported to PT your shoulder was slowly getting better. On November 22, 2023, during a chronic care evaluation, you reported right shoulder pain has improved with PT. On December 12, 2023, you reported your right shoulder was much better. However, you reported pain in your hip during the PT session. Over the next two appointments, the left hip was

**Administrative Remedy No. 1173819-A2**
**Part B - Response**
**Page 2**

the focus of PT. On January 9, 2024, you were discharged from PT with no restrictions and given a home exercise program (HEP) for the right shoulder and left hip. Since then, you have not returned to sick call with complaints of right shoulder pain.

Staff conduct is governed by Program Statement 3420.11, Standards of Employee Conduct, and the Bureau of Prisons takes seriously any allegation of staff misconduct, such as those you raised in this remedy cycle. We look into matters which may constitute inappropriate conduct and refer them to another component of the Bureau of Prisons for appropriate action. As you have already been notified, this matter has been forwarded to the appropriate Bureau component for further review.

Considering the foregoing, this response is provided for informational purposes only.

April 16, 2024
Date

Timothy Barnett, Administrator
National Inmate Appeals

136

FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,  SC 29590

APR 23 2024
Warden
o/c

DATE: 4.29.24
TIME:
SECRETARY:
UNIT MANAGER:

137

FARID FATA, 48860-039
WILLIAMSBURG FCI     UNT: 3 GP     QTR: A04-221L
P.O. BOX 220
SALTERS,  SC 29590

APR 23 2024
Warden
ofc

DATE: 4.29.24
TIME:
SECRETARY:
UNIT MANAGER:

138

DOC. 33

## Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: FATA, FARID | | Reg #: 48860-039 |
| Date of Birth: 04/09/1965 | Sex: M   Race: WHITE | Facility: WIL |
| Encounter Date: 07/12/2024 10:37 | Provider: Harrell, Holly (MOUD) PA- | Unit: A04 |

**Reviewed Health Status:** Yes

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT 1          Provider:  Harrell, Holly (MOUD) PA-C

Chief Complaint:   Upper Extremity Pain

Subjective:      He is seen today for a follow up on his right shoulder pain. He states PT helped some, but since April, he has been barely able to move his shoulder.

He also states he thinks he is getting "cellulitis" on his left upper arm again. He has started putting antibiotic cream on it the past couple of days with no improvement.

He denies any urine complaints currently.

**Pain:**          Yes

**Pain Assessment**

| | |
|---|---|
| Date: | 07/12/2024 10:55 |
| Location: | Shoulder-Right |
| Quality of Pain: | Aching |
| Pain Scale: | 5 |
| Intervention: | medication; PT |
| Trauma Date/Year: | |
| Injury: | |
| Mechanism: | |
| Onset: | 1 Year |
| Duration: | 1 Year |
| Exacerbating Factors: | movement and use |
| Relieving Factors: | none |
| Reason Not Done: | |
| Comments: | |

**Allergies:**

| Allergy | Reaction | Comments |
|---|---|---|
| Aspirin | Intolerance-other | GI bleed |

Allergies list reviewed/updated for the presence or absence of allergies, sensitivities, and other reactions to drugs, materials, food and environmental factors with the patient on 07/12/2024 10:37 by Harrell, Holly (MOUD) PA-C

**OBJECTIVE:**

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 07/12/2024 | 10:57 WIL | 71 | | | Harrell, Holly (MOUD) PA-C |

**Blood Pressure:**

140

Inmate Name:    FATA, FARID
Date of Birth:    04/09/1965
Encounter Date:  07/12/2024 10:37

Sex:      M    Race:  WHITE
Provider:  Harrell, Holly (MOUD) PA-

Reg #:    48860-039
Facility:  WIL
Unit:      A04

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|------|------|-------|----------|----------|-----------|----------|
| 07/12/2024 | 10:57 WIL | 122/76 | | | | Harrell, Holly (MOUD) PA-C |

## Exam:

### Diagnostics

#### Laboratory
Yes: Results

#### Radiology
Yes: Results

### General

#### Affect
Yes: Pleasant, Cooperative

#### Appearance
Yes: Appears Well, Alert and Oriented x 3
No: Appears Distressed

## Exam Comments
Area of redness on lateral left upper arm; no pustules or drainage; no induration.

## ASSESSMENT:

Impingement syndrome of shoulder, M7540 - Current

Neuralgia and neuritis, unspecified, M792 - Current

Rash and other nonspecific skin eruption, R21 - Current

## PLAN:

### New Consultation Requests:

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|------------------------|-------------|-----------------------|----------|------------|----------|
| Radiology | 10/14/2024 | 10/14/2024 | Routine | No | |

Subtype:
MRI

Reason for Request:
He continues to have pain and limited ROM of right shoulder despite medical management and PT. MRI without contrast of right shoulder will be recommended for further evaluation.

### New Non-Medication Orders:

| Order | Frequency | Duration | Details | Ordered By |
|-------|-----------|----------|---------|------------|
| Urine Dipstick | One Time | | | Harrell, Holly (MOUD) PA-C |

Order Date:    07/12/2024

## Disposition:
Follow-up at Sick Call as Needed
Follow-up at Chronic Care Clinic as Needed

## Other:
Due to failed medical management of his right shoulder, I will recommend an MRI for further follow up and evaluation.

The rash on his upper arm does not appear to be infected at this time. He can follow up on Monday if symptoms worsen.

141

| Inmate Name: | FATA, FARID | | | Reg #: | 48860-039 |
| Date of Birth: | 04/09/1965 | | | Facility: | WIL |
| Encounter Date: | 07/12/2024 10:37 | Sex: M Race: WHITE | Unit: | A04 | |
| | | Provider: Harrell, Holly (MOUD) PA- | | | |

His urinary symptoms are better today that he reports. Repeat UA will be ordered.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 07/12/2024 | Counseling | Compliance - Treatment | Harrell, Holly | Verbalizes Understanding |
| 07/12/2024 | Counseling | Plan of Care | Harrell, Holly | Verbalizes Understanding |
| 07/12/2024 | Counseling | Treatment Goals | Harrell, Holly | Verbalizes Understanding |

Copay Required: No          Cosign Required: No

Telephone/Verbal Order: No

Completed by Harrell, Holly (MOUD) PA-C on 07/12/2024 11:15

142

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------------------------------------------

FROM: 48860039
TO: UNICOR
SUBJECT: ***Request to Staff*** FATA, FARID, Reg# 48860039, WIL-A-B
DATE: 07/12/2024 11:30:18 AM

To: Mr. Broadwater
Inmate Work Assignment: IDLE

Mr. Broadwater, (important)

I have seen the medical provider, Mrs. Harrell, on July 12, 2024 because of progressive right shoulder pain.

She requested an MRI of the shoulder. I remain on medical idle as Mrs. Harrell recommended "no work duty"

until further notice.

I remain committed to return to work at Unicor once cleared by medical

Thank you so much

143

Doc. 34

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

---------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT (PART I)
DATE: 04/13/2025 05:25:55 PM

CASE No. 2:24-cv-03778-MGL-MGB

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

FARID FATA,
Plaintiff,

v.                                      CASE No. 2:24-cv-03778

United States of America,
FCI Williamsburg-UNICOR
Defendants.
_____/

AFFIDAVIT OF FARID FATA

I, Farid Fata, a federal prisoner housed at FCI Williamsburg, Salters, South Carolina, BOP Reg.

48860-039, declare under penalty of perjury that the following is true and correct to the best of my

knowledge, information and belief.

1 - I am the plaintiff named in the above civil action raised against the United States of America, who

submits his work-related injury claims cognizable under the Inmate Accident,Compensation Act (IACA), to

review the correctness of his compensation of lost-time wages under the Administrative Procedure Act (APA).

2 - I have been employed at FCI Williamsburg-Unicor since March 2021, until I was taken off work detail

by Mr. Broadwater on July 12, 2023 due to my workplace injury. My job description is to perform sewing

Molle operations working at sewing machines from 7:30 am to 3:30 pm Monday through Friday. My main

operation is to attach the top cover and top cover straps (operation 288) to the Molle bags. The second

operation that I was asked to help intermittently as coverage due to the inmate worker unavailability (daily

GED classes and Jomaa on Fridays afternoon) is to attach the spindrift (operation 286) to the Molle bags.

Those operations require pulling on the material by carrying the heavy bags by hand from the bins to the

racks that contain the necessary materials for each operation. At no date and time before June 27, 2023

was I ever assigned to perform both operations 286 and 288 SIMULTANEOUSLY bouncing from one sewing

machine to the other back and forth, absent available help from unicor workers on that date.

3 - JUNE 26, 2023 AND JUNE 27, 2023:

On June 26, 2023, and June 27, 2023, my supervisor asked to perform both operations 286 and 288

SIMULTANEOUSLY bouncing from one machine (operation 286) to the other (operation 288). The inmate who

145

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------------

performs operation 286 was not available. The nature of performing alternating operations simultaneously leading me to carry the bags from the heavy bins to the racks, required me to pull on my shoulder. At the end of performing both operations, I felt pain in my right shoulder. However, I took pain medication (Motrin) and continued to sew. On that day 6-27-2023, I did not know whether my shoulder pain was caused by a shoulder injury from pulling on the material or from lifting heavy bins during the performance of both operations. My medical records do not show pre-existing shoulder injury that preceded the date of the incident. And I was not at fault in performing the assigned operations on those days as I followed instructions.

4 - JUNE 28, 2023:

The next morning, on June 28, 2023, the inmate who usually performs operation 286 attaching the spindrift had an excused absence. There were 6 bundles of Molle bags that required attachment of the spindrift, which is a huge workload for a single worker such as myself.

5 - I was called to the office of my supervisor Mrs. E. Dukes (Foreman) who asked me to get on the sewing machine and perform the spindrift attachment. No other inmate in line 7 was asked to perform the job or asked to help me. My conversation with Mrs. Dukes was witnessed by leadman in line 7 Mr. Darryl Turner who was present in her office at that time. I explained to Mrs. Dukes that I had already been helping the line in performing this operation, but can no longer perform the double work and heavy duty operations 286 and 288, as I have shoulder pain. I refused to execute the order in light of my shoulder pain that occurred during the performance of the assigned double heavy duty operations. This encounter with Mrs. Dukes was also witnessed by inmate Roderick Sanford who was present during the conversation when Mr. Dukes later returned to line 7.

6 - On the same day, 6-28-2023, I was called to the office of Mr. Broadwater who expressed his concern why I took the path refusing to execute Mrs. Dukes order to perform the job. I was singled out, and told Mr. Broadwater that I am not fit physically and from health standpoint to perform this heavy double duty operation in light of my age 58, as I complained of shoulder pain. Mr. Broadwater opted to write a counseling report that I refused to sign as his report contained "false allegations" such as my failure to wear safety glasses, as I wear prescription glasses instead.

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

----------------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT - (PART II)
DATE: 04/13/2025 01:02:39 PM

CASE No. 2:24-CV-03778-MGL-MGB

The counseling had no consideration to my health and physical complaint of right shoulder pain nor whether the factory had provided me side shields to my prescription glasses, as none was ever provided to me. Thus, the counseling included false information attached to my Injury Report as presented to the Safety Committee as detailed below.

7- Late during the day on 6-28-2023, my shoulder pain increased in frequency and intensity which required me to report the next morning on 6-29-2023, to medical "sick call" because of progressive right shoulder pain. P.S. I do not have pre-existing right shoulder problems as documented in my medical records.

8- JUNE 29, 2023:

On June 29, 2023, 6:30 am, I reported to medical "sick call" for worsening right shoulder pain increasing in frequency and intensity . I reported that the pain started at work after I performed the assigned double operations simultaneously. I did not know how I injured it whether because of pulling or lifting at work or combined. I was told to continue Motrin. X-rays were obtained on 6-29-2023.

On 7-13-2023, Mrs. Truesdale, RN's false documentation required her to correct her notes as to the mixed documentation of the site of pain: right versus left shoulder. She noted: "inmate complaining of right shoulder pain".

9- On June 29, 2023, at 9:54 am, I was told that I will be out of work (medical idle) until I see a medical provider, for my shoulder condition is not a medical emergency . Medical provider emailed Mr. Broadwater and Mr. Chisolm (Chair of Safety Committee) on 6-29-2023 :

"Again, inmates that complain of severe debilitating pain worsened by their job cannot be allowed to continue in said position".

I never had pre-existing shoulder pain before performing the assigned double operation simultaneously. My shoulder pain was exacerbated by the job as the medical provider noted and occurred while on the clock.

10- On 6-29-2023, after completion of my sick call, I returned to my supervisor Mrs. Dukes and gave her the medical idle order but she denied knowledge of my shoulder pain/injury as I reported to her on June 28, 2023.

11 - My communications with my supervisor Mrs. Dukes in line 7 on 6-28-2023, were witnessed by my coworker Mr. Roderick Sanford who was present when Mrs. Dukes returned to line 7, and he was interviewed by Mr. Broadwater on 6-28-2023 after I had expressed my pain and physical inability to do the job. This

147

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------------

event was also witnessed by line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes' office when she called me to her office. Mr. Turner had witnessed my conversation with Mrs. Dukes at that time. Mr. Turner produced an affidavit that rebuts the false account of Mrs. Dukes who denied that Fata had notified her of his pain and that rebuts Mrs. Dukes and Mr. Broadwater's denial and rejection whether I reported my shoulder pain to them. Further, I took it upon myself to report to Safety Department who then acted by contacting Mr. Broadwater and pressed him to generate a BP-140 Injury Report.

12- On 6-30-2023, I submitted a copout to Mrs. Dukes asking her to report my injury to "Safety Department" and complete the "Injury Report" BP-140 as required by OSHA . Not surprisingly, Mrs. Dukes refused to take my copout and asked me to remove her name and keep Mr. Broadwater's name on the copout only: she stated that she does not deal with work-related injuries.

13- Because of Mrs. Dukes refusal, I reported to safety department again and reported my injury that occurred while on the job, and while I was on the clock. I gave Mr. Chisolm a copy of the June 29, 2023 and June 30, 2023 copouts. I also emailed safety department of my interaction with my supervisor. Accordingly, Mr. Chisolm pressed Mr. Broadwater on 6-30-2023 to generate the inmate "Injury Report" BP-A0140 (Part 1, Injury Report).

14- On July 7, 2023, I continued to complain of right shoulder pain and emailed medical provider to be seen ASAP. I was told to look for callout as my shoulder condition is not an emergency requiring hospitalization.

15- On 7-12-2023, I was called to Mr. Broadwater's office to complete the BP-140 "Injury Report". Mr. Broadwater conceded that my right shoulder pain/injury was work-related as he noted in the report, Part 1.

16- The BP-140 Injury Report shows that Mr. Broadwater took me off work detail after I signed the report on day 14 after the injury. Mr. Broadwater violated the required 30-day timeframe on medical idle work related injury per FPI Policy Statement P8120.03 . He told me: "You are not able to work here being idle, you will have to re-apply after you are cleared by medical".

17- Mrs. Dukes and Mr. Broadwater denied that I reported an injury at any time, even during the counseling session , but they did not deny that my injury is workplace injury as Mr. Broadwater noted in the "Injury Report". Mr. Broadwater kept question 13 of "witnessing inmates to injury" unanswered and omitted the testimony of inmate Roderick Sanford whom he interviewed on 6-28-2023 as Mr. Sanford witnessed my communications with my supervisor on that day, and the workplace injury. Mr. Broadwater and Mrs. Dukes

148

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

have also omitted the testimony of line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes office on 6-28-2023 when she called me to her office. Mr. Turner had witnessed the conversation between me and Mrs. E. Dukes as I did indeed notify her that I stopped working / sewing because of my shoulder pain.

18- When I reported my shoulder pain to my supervisor on 6-28-2023, I did not know whether I was injured from pulling on the fabric or from lifting the heavy material from the bins. The BP-140 Injury Report shows that when I continued attaching the spindrift on 6-27-2023, my shoulder pain became more intense causing me to take Motrin which was the reason why I rejected Mrs. Dukes' order to continue performing the heavy duty double-operation assignment on 6-28-2023.

19- On 7-31-2023, my right shoulder pain and mobility worsened despite taking Ibuprofen plus Tylenol. I notified medical as I have not seen a medical provider yet.

20- On 8-4-2023, I was approached by two inmates employed at Unicor who stated that Mr. Broadwater is working with Safety Department to "block" my Injury Report under the Inmate Accident Compensation Act (IACA). Mr. Broadwater has shared my workplace injury at Unicor with those two inmates in open discussions held in his office . I emailed my complaint to Mr. Broadwater and to Mr. Chisolm and Mr. Watson (Associate Warden).

21- On 8-11-2023, I sent an electronic copout to Mr. Broadwater asking him to refrain from sharing my physical injury with other inmates at Unicor as one additional inmate came to me stating that Mr. Broadwater will block my Injury Report filed with the Safety Department and Safety Committee. I again notified Mr. Chisolm of this event during mainline for fear of retaliation from Mr. Broadwater.

22- Fearing for my safety from Unicor's retaliation, I filed a complaint to the Occupational Safety and Health Administration (OSHA) sent on August 1, 2023. I alleged three counts .

23- COUNT ONE: Unicor's concealment of inmates' workplace injury and violation of Section 11(c)(1) of the OSH Act or 29 U.S.C. 660(c).

24- COUNT TWO: Unicor's Failure to provide me safety side shields for my prescription glasses and safety finger shields as required by the manufacturer package for Brother company . I have signed for or received safety glasses, but did not receive side shields.

25- COUNT THREE: Violation of the Inmate Accident Compensation Act and BOP P8120.03, absent PPE.

26- On 8-7-2023, I received the response to my BP-8; Informal Resolution of my grievance filed on 7-2-2023 against Unicor . Mr. Broadwater failed to answer my complaint or provide remedy.

27- On 8-8-2023, I filed a BP-229 that alleged 6 counts. The warden has not answered my BP-229.

149

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

28- End of August 2023, I was called to Mr. Chisolm's office to resolve or settle this matter. My response was clear: "follow the LAW" under the IACA. I re-iterated my intent to go back to work at Unicor after I am medically cleared. I have not yet been seen by a medical provider as of the date of the meeting.

29- Mr. Chisolm told me that the warden is reaching out to Mr. Ben Hall (Unicor's operations manager) to resolve this matter under the IACA.

30- On August 17, 2023, I received the investigative OSHA report signed by Mr. R.S. Dunbar (warden) sent to OSHA to answer OSHA Complaint No. 2066626 where the review of eye protection inventories revealed supplies were low/absent . The OSHA Report supports my Complaint and BP-229 as Mr. Broadwater lied on his Counseling Report and BP-140 where he falsely accused me of not wearing my safety glasses but I wear prescription glasses instead and was never provided side shields when I requested them from my supervisor at Unicor in May 2023 as Unicor did not have any.

31- The August 17, 2023, OSHA report also confirms that when my supervisor assigned me the double operation 286 and 288, my sewing machine was not equipped with the proper guarding as I noted in my Complaint to OSHA . The safety finger guards were missing in my sewing machine, and my supervisor Mrs. Dukes failed to instruct mechanics to place the finger guards into the proper position as required by the manufacturer - Brother company, and failed to provide me side shields.

32- When OSHA initiated its investigation of my Complaint, the OSHA safety officer at FCI Williamsburg, Mr. Brughman, issued a report detailing Unicor's violations that under BOP P.S. 1600.14 the Safety Department is required to report to the Safety Committee. Intead, the warden's report sent to OSHA on 8-17-2023, altered Mr. Brughman's original report related to unicor's OSHA violations.

33- I have filed a BP-8 against the warden's office in regard to the alteration of FCI Williamsburg's inspection report in response to the OSHA Complaint. The warden failed to respond to my BP-8 and recommended filing a BP-10. I filed a BP-11, but Region and Central Office failed to respond.

34- On September 21, 2023, I was called to meet with Mr. Broadwater, and Mr. Ben Hall. Mr. Chisolm was present at the meeting. Mr. Ben Hall conceded to pay my his lost-time wages from 6-28-2023 to date of return to work. In fact, I received a wage for the month of September 2023. During the meeting, Mr. Broadwater asked me to withdraw my BP-229, but I refused until my lost time wages are paid.

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

------------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: IACA-AFFIDAVIT (PART III)
DATE: 04/13/2025 08:22:45 PM

CASE No. 2:24-CV-03778-MGL-MGB

under the IACA pending the Safety Committee determination. I told Mr. Ben Hall that I am planning to return to work at Unicor pending medical evaluation and clearance.

35 - On 9-28-2023, I had a clinical encounter with the BOP medical provider for the first time since after my medical sick call on 6-29-2023. The provider diagnosed me with impingement syndrome of my right shoulder and recommended that I return to work with restriction.

36- Based on the medical provider's evaluation on 9-28-2023 , I was rehired at Unicor on 10-2-2023, after Mr. Broadwater discussed my condition with medical provider on 9-29-2023 .

37- On October 3, 2023, medical provider Mrs. Harrell, PA, discussed my work restrictions with physical therapist (PT) who recommended to reinstate my medical idle on October 4, 2023 for 3 months to allow further PT: Mrs. Harrell has also notified safety department and unicor. Those findings rebut the warden's response to my BP-229 ( Admin. Remedy Case # 1173819-F1).

38- At the request of Mr. Chisolm, I met with him and Mr. Broadwater in Safety Department on October 5, 2023. During the meeting, Mr. Chisolm pressed Mr. Broadwater to pay my lost-time wages from the date of injury, as Mr. Chisolm's position is that this matter has already been agreed upon with Mr. Ben Hall during the September 21, 2023 meeting.

39- On October 10, 2023, I met with Mr. Broadwater who held a telephone conference with Mr. Ben Hall. Both parties agreed that I have been paid my lost-time wage for the month of September 2023. Mr. Ben Hall added and told me: "we owe you the wages of July 2023 and August 2023, and one day of October 2, 2023". As to October 2023 and November 2023, Mr. Ben Hall stated that he would wait on the Safety Committee report for further payments / determination.

40- On October 16, 2023, Mr. Chisolm called me to his office and notified me that the Safety Committee determined that my injury is not work related. In his report, Mr. Chisolm dated on August 7, 2023, that I should be counseled to report my injury to my supervisor, though Unicor supervisors have long been denying notification of inmates' claims of workplace injuries and I did report my pain to my supervisor as witnessed by inmate Roderick Sanford who was interviewed by Mr. Broadwater on 6-28-2023 (date of my injury), and witnessed by line 7 leadman Mr. Darryl Turner who was present in Mrs. Dukes office when she called me to

151

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

------------------------------------------------------------------------------------------

her office on 6-28-2023. Mr. Turner has witnessed me reporting my shoulder pain to Mrs. Dukes as being the reason why I stopped the assigned work.

When asked whether he submitted all the evidence including all my emails with Unicor and Safety and my copouts reporting my pain or injury to my supervisor, plus the affidavit of Roderick Sanford who witnessed my communications with Mrs. Dukes in line 7 on 6-28-2023, to the Safety Committee, Mr. Chisolm acquiesced. Mr. Chisolm was aware that my injury occurred while on the job and on the clock, and could not comment on his report's conflicting recommendation to retrain me on the operating procedure of the equipment if my injury is determined as "not work related".

Mr. Chisolm had no answer as I was at "no fault" in performing the assigned operation and I followed instructions. The Safety Committee kept Part 2, Question 4, "blanc", and its decision is flatly contradicted by the evidence plus testimony that I did notify my supervisor of the shoulder pain on 6-28-2023. And its decision is otherwise implausible as relied on false information.

41- On October 19, 2023, I filed a grievance BP-8 asking Mr. Chisolm as chair of the Safety Committee to explain the 180 degree change and to provide a copy of the Committee's decision because it contradicts the evidence and testimony that was omitted in my BP-140 Injury Report as substantiated by the OSHA Report and my copouts and emails to Unicor staff and Safety Department plus affidavits and administrative remedies that demonstrate Unicor's concessions paying my lost-time wages.

42- On October 30, 2023, Mr. Chisolm responded to my BP-8 but did not complete the Safety Committee's review Comments kept "blanc" on page 2, Question 4 of my BP-140 Injury Report. 28 C.F.R. 301.105(b). He told me that he will call for me to receive a completed copy but he never did. I am respectfully asking this Honorable Court to engage in discovery to review the Safety Committee meeting's "minutes" and any "documentary evidence" considered by the Committee. Discovery should include the emails between Mr. Chisolm and Mr. Broadwater related to Fata's workplace injury. Such evidence as well as Fata's copouts and emails have been omitted in my BP-140 Injury Report and from the Safety Committee's review on October 12, 2023, essential to the conclusion of this case. Accordingly, I filed a BP-229 to the warden. A BP-10 and BP-11 followed.

43- On October 24, 2023, I received the warden's response to my BP-229 filed against unicor in August 2023; Administrative Remedy Case # 1173819-F1; The response came [immediately] after the Safety Committee determined that my injury is not work-related. The response conceded that I was paid lost time wage for September 2023. For the evidence and the record and OSHA report belie the warden's

15.2

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

---------------------------------------------------------------------------------------

response and contradict the Safety Committee's decision that relied on false information, simply because the response was not prepared by him: For I never met with Mr. Ben Hall in the [warden's office] on September 21, 2023 according to the warden's response. During mainline, when asked whether the BP-229 response was his, the warden told me that it was prepared by Mr. Broadwater instead. Thus, I filed a BP-8 against the warden as he and the Chair of the Safety Committee were aware of the OSHA Report and Fata's copouts to Unicor that were omitted in the BP-140 Injury Report, and thus, corruptly deviated the decision-making of the Safety Committee.

44- On November 2, 2023, I had medical follow-up with the provider stated continued improvement in Fata's shoulder injury while continuing physical therapy. I updated Mr. Broadwater of my clinical encounter as I was on track to be cleared to return to work at unicor by January 4, 2024, after completing physical therapy .

45- On 1-21-2024, still on medical idle status, I re-iterated my interest to return to work at unicor once the medical provider gives me clearance. I asked the head of Unicor's Quality Assurance department to be considered for a different job once I am medically-cleared to return to work .

46 - On May 11, 2024, still idle, I reported to medical my recurrent right shoulder pain that was progressive with mobility restrictions since the end of April 2024 as the recurrence of my "right shoulder pain" from the injury warranted the medical provider to order an MRI of my right shoulder on 7-12-2024.

47 - On July 12, 2024, I notified Mr. Broadwater of my clinical encounter with the Bureau provider as I remained medical idle with my intent to return to work after medical clearance.

48 - Mr. Sanford and Mr. Darryl Turner were the two witnesses to Fata's injury and to the fact that Fata had notified his supervisor at Unicor. Both Unicor workers had signed affidavits under penalty of perjury.(Doc . 6), Mr. Broadwater had omitted any witness of Fata's workplace injury on Page 1, Question 13 of the BP-140 Injury Report. On March 21, 2025, Mr. Broadwater called Mr. Roderick Sanford to his office at Unicor. He interrogated Mr. Sanford and wanted him to state that there was no pulling involved in attaching the top cover. Mr. Sanford told him that there is pulling involved in lifting the Molle bags from the bins to the racks. But when Mr. Sanfod went back on March 24, 2025 to explain what happened on the date of Mr. Fata's injury on June 28, 2023 that Mr. Fata was assigned multiple operations that cause pulling on the material, Mr. Broadwater refused to hear it.

Accordingly, the Safety Committee relied on incomplete and false information that corruptly deviated its

153

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

decision making and deemed my work related injury as "not work related". Mr. Roderick Sanford and

Mr. Darryl Turner had both provided an affidavit of those facts, signed under penalty of perjury.

49 - WHEREFORE, I respectfully ask for engagement in Discovery to request the electronic communications

between safety department and Unicor (Mr. Broadwater) related to my workplace injury, as well as the

the Safety Committee minutes meeting on October 12, 2023: such discovery is essential under BOP P.S.

1600.14. I also request judgment against defendants, and recovery for lost-time wages from June 29, 2023

to present under the IACA and APA, as I remain on medical idle due to my work-related right shoulder injury,

plus legal fees to file this action in district court in pauper status, and punitive damages as the Court deems

proper.

50 - Signed on the _15th_ day of April 2025, under penalty of perjury. 28 U.S.C. 1746

Respectfully Submitted,

Farid Fata      *Farid Fata*     *April 15, 2025*
#48860-039
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

154